**TRINITY RIVER AUTHORITY OF TEXAS,**
**Appellant,**

**v.**

**Charles S. McMURREY et al., Appellees.**

**No. 6869.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 12, 1967.

Rehearing Denied Feb. 1, 1967.

Preston E. Johnson, Liberty, Clark, Thomas, Harris, Denius & Winters, Austin, for appellant.

Ross Hightower, Livingston, Arnold Smith, W. C. McClain, Conroe, Robert H. McCanne, Houston, for appellees.

STEPHENSON, Justice.

This is an eminent domain suit brought under the authority of Art. 7880–126, Vernon's Ann.Civ.St. The Trinity River Authority of Texas will be called "District" and the landowners "claimants" in this opinion.

The District filed its petition in the Second Ninth District Court asking for the formation of a tribunal for the purpose of condemning certain land, a part of which was located within the Judicial District of the Second Ninth District Court. The land was appraised and a decree was entered by the tribunal. The claimants appealed from such decree to the Ninth District Court and the District appealed to the Second Ninth District Court. This case was tried in the Ninth District Court and the District is appellant.

The District's first point of error is that the Judge of the Ninth District Court erred in usurping the jurisdiction of the Second Ninth District Court. It is argued that the claimants' appeal bond was prematurely filed, that claimants did not give notice of appeal to the proper official and that the court appointing the tribunal had jurisdiction. We do not find it necessary to pass upon any of these contentions. The judge of the Ninth District Court sat as judge of the Second Ninth District Court and entered an order and transferred the case filed by the District in the Second Ninth District Court to the Ninth District Court, and then entered an order in the Ninth District Court consolidating the two appeals. A portion of § 10A, Art. 199, V.A. C.S., reads as follows:

"Sec. 10A. In all counties wherein the Ninth Judicial District of Texas and the Second Ninth Judicial District of Texas have concurrent jurisdiction, either of the Judges of said Courts may, in their discretion, either in term time or vacation, transfer any case or cases, civil or criminal, that may be pending in his court, to the other district court in said county, and the judges of said courts may, in their

discretion, exchange benches from time to time;"

We hold that the transfer of the case was authorized by this statute, and that the consolidation of the two cases would cure any error that might have been made by claimants during the course of perfecting their appeal.

■ The District next contends that the court erred in its findings of fair market values because the expert witnesses called by the claimants used an incorrect measure of market value. There is no provision for trial by jury in this type of case, consequently this case was heard and determined by the court alone. Three expert witnesses were called by the claimants and each expressed the opinion that the highest and best use for which the tracts of land involved in this suit were adapted was for rural subdivision purposes. The land in question had not been subdivided into lots and it would have been improper to show what the price of lots would be, and there is no such evidence in this record. However, it is entirely proper for a witness to give his opinion as to the present market value of land, taking into consideration its adaptability to subdivision for residential purposes and the cost of converting it to such use. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. The values established by the Court were all within the limits of the testimony as given by the expert witnesses. One of these witnesses on cross-examination gave a definition of "market value" which contained an element not found in the usual and accepted definition. The witness Allen testified as follows:

"A. My definition of 'market value' is when you have a willing seller, a willing buyer, both completely familiar with the highest and best use of the property and both having the ability to put the property to its highest and best use, negotiating the sale at a price acceptable to each."

However, no such definition was given by the other two expert witnesses, and if er-

ror, was not demonstrated to be harmful under Rule 434, Texas Rules of Civil Procedure. The point is overruled.

■ The District also contends that there was no evidence, and insufficient evidence to support the findings by the court as to fair market value and just compensation. In passing upon the "no evidence" point we consider only the evidence favorable to such findings and in passing upon the "insufficient evidence" point we consider the entire record. As mentioned in the previous paragraph the testimony of the three expert witnesses support such findings together with other evidence in the record. The testimony of the expert witnesses called by the District did no more than raise an issue for the court to determine. The findings by the court are not so contrary to the evidence as to be clearly wrong or manifestly unjust. The points are overruled.

The District's last point is that the trial court erred in overruling its motion for new trial in the nature of a bill of review. The judgment was entered March 6, 1966, and the District's motion for new trial was filed March 17, 1966. This motion was overruled by operation of law May 2, 1966. A new pleading entitled "Motion for a New Trial of the Nature of a Bill of Review" was filed and presented by the District to the trial court May 25, 1966. During the course of the trial, on direct examination, one of the claimants, Charles D. McMurrey, testified as follows:

"Q Now, Mr. McMurrey, tell us this. What are the facts with reference to whether or not this land in question is subject to overflows?

A The land—

Q From the river.

A Sir?

Q From the river.

A From the river? The land doesn't —does have backwater. It comes up on it in various places when the river is real

high. However, this backwater stays in the drainage ditches or in the area of drainage pretty much and it does not get back up on the tract where we are operating farming or back up on the parts away from the drainage ditches. Primarily, it's the drainage ditches that have the backwater.

Q Have you ever known of this property being inundated as a result of high water, flood waters from the Trinity River?

A Many years ago, I know of no case recently where flood water has caused any particular problem, but this, I say many years ago, this was back when I was a child.

Q All right. Then within your recollection, has there been any trouble with water flooding the property in question?

A We have had no trouble, no, sir."

It is alleged in this motion: That a large segment of the McMurrey land was flooded by the high waters of the Trinity River May 12, 1966 and that it was then discovered by the District that the testimony set out above was false. That the District was not negligent in failing to discover this information earlier. That a search of the records then revealed that such land had been flooded frequently in the past. That such land had been inundated 14 times in the past 30 years. That the testimony of Charles D. McMurrey was false and influenced the trial court in making erroneous findings as to the value of the lands involved in this case. This motion was overruled by the trial court without a hearing, by an order stating that the motion was not timely filed and came too late.

■ A part of Rule 329b, § 5, T.R.C.P., reads as follows:

"5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. * * *"

A recent expression by the Supreme Court of Texas as to bills of review is set out in Hanks v. Rosser, (Tex.) 378 S.W.2d 31, as follows:

"Relief by bill of review is made available in this state by Rule 329b(5) of the Texas Rules of Civil Procedure. The rule does not prescribe the standards by which the actions of a defaulting party must be measured except to say that the bill must be 'for sufficient cause' and be 'filed within the time allowed by law.' This bill, beyond question, was filed within the time allowed by law. The question is whether 'sufficient cause' existed.

"Since the rule does not attempt to specify what 'sufficient cause' is, the courts have done so in particular cases. A bill of review proceeding is an equitable one designed to prevent manifest injustice. But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments. The litigating parties are entitled to know when the contest is at an end; and others, including title examiners and purchasers and sellers of land and interests in land have a need for knowledge as to whether or not litigation involving title to land has been finally concluded.

"The general rules on the granting of a bill of review are set out in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). This Court there said that before a litigant can successfully set aside

a final judgment, he must allege and prove, within the time allowed, (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence on his own part."

 Measuring the allegations · set out in the motion filed by the District with the requirements, set forth in the Hanks v. Rosser and Alexander v. Hagedorn cases, supra, it is apparent that there is a deficiency. Assuming that a meritorious defense was alleged, the District did not plead that it was prevented from making such defense because of fraud, accident or wrongful act of the opposite party. Also, even though the conclusion is alleged that the District was not negligent in failing to discover that the land had been flooded frequently in the past, this court is inclined to conclude otherwise. No act or acts on the part of claimants is or are set forth which would have prevented the District from making an investigation which would have disclosed such information. A careful reading of the testimony given by the claimant Charles D. McMurrey does not reveal perjury.

If this had been a case involving the usual motion for new trial, timely filed, based upon newly discovered evidence, the burden would have been upon the District to show that there was no lack of diligence upon its part to discover the facts now alleged prior to the trial. However, in this case the motion for new trial had already been overruled by operation of law and there is no provision under our rules for a second motion for new trial.

The District relies upon the case of Missouri-Kansas-Texas Ry. Co. v. Evans, 151 Tex. 340, 250 S.W.2d 385, to support its position on this point. In this case a supplemental motion for new trial setting up the newly discovered evidence was filed more than 20 days after the original motion for new trial but before the amended motion for new trial had been acted on. The trial court heard both the amended and supplemental motions for new trial and overruled both. We believe that these facts distinguish the Evans Case, supra, and this present case. We find no abuse of discretion on the part of the trial court in overruling the District's motion and no harmful error. Rule 434, T.R.C.P.

Affirmed.