The FIDELITY AND CASUALTY COMPA-NY OF NEW YORK, Appellant,

v.

Linden M. JOHNSON, Appellee.

No. 7771.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 14, 1967.

Rehearing Denied March 7, 1967.

Paul W. Persons, Baker, Botts, Shepherd & Coates, Houston, for appellant.

Raymond L. McDermott, Mabel Grey Howell, Houston, for appellee.

DAVIS, Justice.

A workman's compensation case. Plaintiff appellee, Linden M. Johnson, sued the defendant appellant, The Fidelity and Casualty Company of New York, as the result of an injury that appellee received in the course of his employment for the Houston Light and Power Company. The injury occurred on September 24, 1962. The judgment was signed and entered on January 26, 1966. Appellant filed a motion for new trial which was overruled on March 21, 1966. The transcript was filed in the Court of Civil Appeals on May 11, 1966. As a result of certain extensions of time the Statement of Facts, Bills of Exceptions and Supplemental Transcript were filed in the Court of Civil Appeals on June 29, 1966. Appellee has filed a motion to dismiss the appeal, or in the alternative, to strike the Statement of Facts, Bills of Exceptions and Supplemental Transcript because they have not been timely filed showing a properly authenticated approval by the trial judge, as required by Art. 2448, Vernon's Ann.Civ.St., and Rule 18, V.T.R.C.P.

The case was tried before Judge John Snell, Jr., who signed the judgment, and overruled the motion for new trial. The Statement of Facts, the Bills of Exceptions and Supplemental Transcript were approved and allowed by Judge Wm. M. Holland as the judge presiding. The reason given by appellee as to why he refused to approve the Statement of Facts was because the jury arguments were included therein. The appellant did not approve the Statement of Facts. Appellant did prepare Bills of Exceptions which contained the jury arguments and presented them to Judge Holland who allowed the same and directed them to be filed. Judge Holland also approved the Statement of Facts. The motion to dismiss, or in the alternative, to strike the Statement of Facts, Bills of Exceptions and Supplemental Transcript were filed within 30 days after the filing of the Statement of Facts, Bills of Exceptions and Supplemental Transcript in the Court of Civil Appeals.

Motion to dismiss the appeal has no merit. The motion to strike the Statement of Facts, Bills of Exceptions. and Supplemental Transcript is well taken and must be sustained. Art. 2248, V.A.C.S. reads as follows:

"Any judge of a district or county court whose term of office expires before the adjournment of the term of such court at which a cause may be tried, or during the period prescribed for the filing of the statement of facts and bills of exception, or conclusions of law and fact, may approve such statement of facts and bills of exception, or file such findings of fact and conclusions of law in such cause, as provided in this title, and where any such judge shall die before the time for such approval or filing, the same may be approved or filed by his successor, as provided by article 2288."

Art. 2288, V.A.C.S. has been repealed and is now Rule 18, V.T.R.C.P., and reads as follows:

"If the judge dies, resigns, or becomes unable to hold court during the session of court duly convened for the term, and the time provided by law for the holding of said court has not expired, such death, resignation, or inability on the part of the judge shall not operate to adjourn said court for the term, but such court shall be deemed to continue in session. If a successor to such judge shall qualify and assume office during the term, or if a judge be transferred to said district from some other judicial district, he may continue to hold said court for the term provided, and all motions undisposed of shall be heard and determined by him, and statements of facts and bills of exception shall be approved by him. If the time for holding

such court expires before a successor shall qualify, and before a judge can be transferred to said district from some other judicial district, then all motions pending, including those for new trial, shall stand as continued in force until such successor has qualified and assumed office, or a judge has been transferred to said district who can hold said court, and thereupon such judge shall have power to act thereon at the succeeding term, or on an earlier day in vacation, on notice to all parties to the motion, and such orders shall have the same effect as if rendered in term time. The time for allowing statement of facts and bills of exception from such orders shall date from the time the motion was decided. Amended by order of June 16, 1943 effective December 31, 1943."

■ Since neither the appellant nor the appellee approved the Statement of Facts, it then became the duty of the trial judge, the one who tried the case, to approve the same. There is no showing that Judge Snell had died, resigned, or had become unable to approve the same. Art. 2248 has not been repealed. United Gas Pipe Line Co. v. Helscher, et al, C.C.A. (1953) 259 S.W.2d 735, n. w. h. In this case, appellee filed a motion to strike appellant's Bill of Exception and Statement of Facts. The motion was based upon the contention that the Bill of Exception and Statement of Facts were not properly authenticated by the "judge who tried the case" in the trial court. In construing Art. 2248, the court said:

"The Courts of this State have construed this article as meaning that the judge who tried the case must approve the bill of exceptions and statement of facts in a case even though his term of office may expire before he is called upon to do so, and that where a bill of exceptions and statement of facts is approved by his successor in office while he is yet living and available they are not properly authenticated and cannot be

considered as a part of the record. * * *'" Citing authorities.

It has been held that in counties where two or more district courts with civil jurisdiction, where a statement of facts was approved by both counsel, the judge who heard the evidence may request and direct any judge to sign his name thereto. Shaeffer et al v. Smyth, et al, Tex.Comm. App. (1931), 37 S.W.2d 1012, opinion approved by the Supreme Court. There is a gross difference in this case and the case before the court. Both sides approved the Statement of Facts. In this case neither side approved the same.

■ It is unnecessary for the trial court to approve the Statement of Facts where it is approved by counsel for both sides. It is the settled law in Texas that the judge who tries the case is the one who must approve the statement of facts if either party refuses to do so. Rule 337d, V.T. R.C.P. The judge who tries the case must approve the bills of exceptions. Koonce v. City of Mesquite, (Ct.Civ.App.1964), 382 S.W.2d 309, writ dismd. Smith, et al v. United Gas Pipe Line Co. (1950) 149 Tex. 69, 228 S.W.2d 139; Prichett v. Highway Insurance Underwriters (1958), 158 Tex. 116, 309 S.W.2d 46. The motion to strike the Statement of Facts, Bills of Exceptions and Supplemental Transcript is sustained.

The appellant has perfected its appeal and brings forward five points of error. By its points 1, 2 and 5, it complains of certain matters that cannot be decided without the use of the Statement of Facts. Since the Statement of Facts are not properly before the court, the points of error are overruled.

By its points 3 and 4, it complains of jury argument by the appellee. There is nothing before this court that will sustain these points, and they are overruled.

In the event we are in error in sustaining the motion to strike the Statement of Facts, Bills of Exceptions and Supplemental Tran-

script, we have carefully reviewed all the points of error and if we had jurisdiction, they would be overruled.

The judgment of the trial court is affirmed.