The **FIDELITY AND CASUALTY COMPANY OF NEW YORK, Petitioner,**

v.

**Linden M. JOHNSON, Respondent.**

**No. B–211.**

Supreme Court of Texas.

Oct. 4, 1967.

Baker, Botts, Shepherd & Coates, Paul W. Persons, Houston, for petitioner.

Raymond L. McDermott, Mabel Grey Howell, Houston, for respondent.

GRIFFIN, Justice.

This is a workmen's compensation case in which respondent, Linden M. Johnson, as plaintiff, sued petitioner Insurance Company, as defendant, in a district court of Harris County, Texas. Suit was for permanent total loss of the use of plaintiff's right leg. On a jury verdict favorable to plaintiff, the trial court rendered judgment in plaintiff's favor for total loss of use of said leg. On appeal that judgment was affirmed by the Court of Civil Appeals. 413 S.W.2d 401. We reverse the judgment of the Court of Civil Appeals and remand the case to the trial court for a new trial.

The judgment for plaintiff was signed by Judge John Snell of the 152nd District Court of Harris County, Texas, January 26, 1966. The Insurance Company's motion for new trial was overruled March 21, 1966. The transcript was filed in the Court of Civil Appeals May 11, 1966. Orders were duly entered extending the time for filing the statement of facts which contained the bills of exceptions to June 30, 1966. On June 29, 1966, Judge Snell being absent, Judge W. M. Holland, the presiding judge for Harris County District Courts, as well as judge of the 127th Judicial District Court of Harris County, Texas, approved the statement of facts (counsel being unable to agree on it). He entered an order in the 152nd District Court extending time to file the separate bills of exception to June 30, 1966. On June 29th Judge Holland in the 152nd District allowed the bills of exceptions and ordered them filed in the trial court. On June 29th the Insurance Company had a supplemental transcript prepared containing the bills of exceptions as well as Judge Holland's orders. The statement of facts, bills of exceptions and supplemental transcript were filed in the Court of Civil Appeals June 29, 1966. Within the thirty days provided by Rule 404, Texas Rules of Civil Procedure, plaintiff made his motion to strike the statement of facts, bills of exceptions and supplemental transcript. The reason assigned for seeking this relief was that none of these instruments or any orders approving and allowing the same was signed by Judge Snell, who presided at the trial of the case in his 152nd District Court, but were signed by Judge W. M. Holland, presiding judge for Harris County District Courts and who was the judge of the 127th District Court.

The Court of Civil Appeals sustained this motion and struck the statement of facts, bills of exceptions and supplemental transcript. In addition, the Court of Civil Appeals said that if it was in error in its action striking the statement of facts, bills of exceptions and supplemental transcript, it had carefully reviewed all points of error, and if it had jurisdiction the points would be overruled.

■ The first question to be decided is whether or not the Court of Civil Appeals was correct in sustaining the motion to strike the statement of facts, bills of exceptions and supplemental transcript. We hold it was not correct in so doing.

The question of the authority of Judge Holland to take the action in Judge Snell's court, as above set out, is controlled by that part of Title Eight, "Apportionment Judicial Districts," Article 199, Vernon's Annotated Civil Statutes, Vol. 1. This section creates the 127th, the 152nd and other Civil District Courts in Harris County, Texas and provides for their operation and defines some of the duties of their judges.

Acts 1951, 52nd Legislature, p. 504, ch. 308, Sec. 3, contain the language below quoted from the 1963 Act, and it has remained in subsequent enactments. The Acts of the 58th Legislature, p. 1335, Ch. 507, Sec. 3(B), provide, "* * * and in the event of the *absence,* sickness or disqualification of the *Judge of any* of said Civil District Courts *any of the other Judges* of said District Courts *may act* and preside * * * during *such absence,* sickness or inability of any regular judges

to act and preside therein * * *." The above provision, although included in the paragraph providing for the judges to take their vacation is much broader and covers other absences than absences of a regular judge on vacation. That this is true is shown by the provision regulating vacations of regular judges and prohibiting the election of a special judge by the practicing lawyers of such court to replace a vacationing judge. On the other hand, the above quoted provision covering *"absence, sickness, or disqualification"* of a regular judge specifically permits the lawyers to elect a special judge according to Title 40 (Art. 1884 et seq.) of the Revised Civil Statutes of Texas of 1925. (All emphasis herein that of this Court.)

The Act of 1963, supra, Sec. 3(C), contains the following clause regarding repeal of other laws: "(C) All laws and parts of laws in conflict with the provisions of this Section are hereby repealed *to the extent of such conflict only.* As to all *other laws or parts of laws, this* Section shall be cumulative."

The Acts of the 56th Legislature (1959), p. 903, ch. 414, 1, contains the following provision which is not in conflict with the 1963 Act and is therefore still in effect: "The judge of any of said District Courts and Criminal District Courts may in his discretion try and dispose of any causes, matters and proceedings for any other judge of said courts."

From the above Acts we see that the Legislature has provided for a district judge to sit for, try and dispose of "causes, matters, and proceedings" for the judge of any other of said courts. Of course, one judge could not go into the court of another judge, who is actively engaged in the trial of a case and take over such case.

In order to reach the same result of interchangeability of district judges in any county having two or more district courts having civil jurisdiction, Rule 330(g), Texas Rules of Civil Procedure, provides in

part: " * * * any judge may hear *any part of any case* or proceeding pending in any of said courts and determine the same, or may hear and determine *any question in any case,* and any other judge may complete the hearing and render judgment in the case."

The Rules of Civil Procedure and the cases cited by the respondent as upholding the action of the Court of Civil Appeals are not in point in our case but cover different fact situations.

Compare Trinity River Authority of Texas v. McMurrey (Tex.Civ.App., 1967), 411 S.W.2d 422, writ refused, n. r. e.

The statement of facts, bills of exceptions and supplemental transcript were properly before the Court of Civil Appeals and are properly to be considered by us.

■ Petitioner Insurance Company has other points of error, but in our view its points of error complaining of the following argument of plaintiff's counsel to the jury must be sustained, and this requires that we remand the cause to the trial court for another trial:

"Now, if I am wrong about it and I don't think I am for one minute, but if I am wrong about it, I want to ask you just one favor—if you go out there and write any verdict other than I want you to—answer my question when you leave this courtroom to ease my conscience. I hope you go up to Linden Johnson and tell him where he can go and get a job and keep a job that requires the use of that leg—please do it because he can't—

"DEFENDANT'S COUNSEL: Objection, counsel is intimidating the Jury by using statements for them to tell him where he can go and get a job. I think that is intimidating the Jury.

"PLAINTIFF'S COUNSEL: I am not trying to intimidate you but you just go up to him and tell him where that job is because I know and you know and as

his attorney for nearly three years that he cannot get and keep a job that requires the use of that right leg and he never will be able to and if you know we are wrong about it, please come and tell after your verdict is received where that job is—where they will accept him in the first place that requires the use of that right leg in the performance of the task of a working man.

"* * *

"I don't think you can deny it, but if you do, I think you will be ladies and gentlemen enough to come and tell him—'Linden, I know where that job is—one you can get that requires the use of that right leg—I simply believe you can get it and keep it Linden.' If you can do that in good faith and good conscience that I am wrong—

"DEFENDANT'S COUNSEL: Your Honor, objection to this as another highly inflammatory intimidation of the jury and ask the jury to be instructed to disregard it.

"THE COURT: Overruled.

"DEFENDANT'S COUNSEL: Note my exception, please.

"PLAINTIFF'S COUNSEL: I think what I asked was fair—I do not think it was unreasonable—goodness knows—you know I am not trying to intimidate you—I'm just asking you to do what is fair and reasonable."

This argument was an appeal to the jurors to decide the case in plaintiff's favor or to go to plaintiff and justify their decision.

The charge of the court contained an issue inquiring if the plaintiff had suffered a total loss of the use of his right leg. The evidence on this issue was conflicting. It was on this context that the above argument was made. Those experienced in trial of lawsuits before juries know the reluctance and embarrassment that would be caused a juror if he had to talk to the losing party and justify the jury's verdict. The argument was an appeal to the sympathetic feelings of the jury to return answers to the issue submitted based on sympathy rather than an analysis of the evidence heard in the trial. We have carefully read the statement of facts, as well as the bills of exceptions and find this argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. Rule 503, Texas Rules of Civil Procedure. See also Howard v. Salmon, Tex.Sup., 359 S.W.2d 882, 885 (1962); Rutherford v. Dallas Joint Stock Land Bank (Tex.Civ. App., 1936), 91 S.W.2d 1182, 1183, writ dismissed; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 481–482 (1943).

For the errors pointed out above, the judgments of both courts below are reversed and this cause remanded to the trial court for a new trial.