The **TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

**Solla LUNA, Appellee.**

**No. 121.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 8, 1968.

Rehearing Denied June 5, 1968.

J. Eugene Clements, Baker, Botts, Shepherd & Coates, Houston, Elbert V. Pollan, Rosenberg, for appellant.

David H. Burrow, Helm, Jones & Pletcher, Houston, H. Cecil Baker, Rosenberg, for appellee.

BARRON, Justice.

This is a suit brought by Soila Luna against The Travelers Insurance Company for benefits under a policy of workmen's compensation insurance. In a jury trial total permanent incapacity was found in favor of the appellee, Soila Luna, and based upon the jury verdict the trial court rendered judgment in favor of Miss Luna for $9,576.01. From the judgment below, The Travelers Insurance Company has appealed.

The appellee Soila Luna, slipped and fell while in the course and scope of her employment at the Texas Grill in Rosenberg, Texas, on July 11, 1966. Her claim is that her back and right elbow were severely injured in the accident resulting in total permanent disability. Special Issue No. 4, inquiring whether the incapacity was permanent was seriously contested. Appellant assigns error and states that there was no evidence or insufficient evidence to support the jury's affirmative finding to Special Issue No. 4 that the incapacity was permanent.

■ We overrule appellant's contention that the record is without evidence of total permanent incapacity and the contention that the evidence is insufficient to support the verdict of the jury. The testimony of Dr. Carlos Antonetti, though disputed in material particulars is clearly sufficient to support a finding that appellee was totally and permanently disabled. Prior to appellee's injuries she worked regularly six and seven days a week for a period of fourteen or fifteen years performing her duties of washing and carrying dishes, sweeping and ·mopping. Her duties required her to carry a large number of dishes on trays and to do various cleaning jobs which involved bending and stooping. She performed these duties all of these years during a shift from about 10:00 o'clock at night until 6:00 o'clock in the morning. She had never been trained to do any type of work other than that which she performed at the Texas Grill. Prior to her injury made the basis of this suit, she had never injured any part of her body, never had any trouble with her back, and was in good physical condition. According to the testimony at the time of trial, she was still having pain in her low back and shooting pain and numbness in her right leg. Since her injuries she had not been able to do any type of work, and was required to rely upon her parents and sister for support. She was not able to do housework at home. She testified at the trial that she was still not able to work because her back was bothering and hurting her. Dr. Antonetti, who testified for the first time in court, was shown to be ably and properly qualified as a physician. Being foreign-trained in the sense that he graduated from medical school in Havana, Cuba, in 1943, he began treating appellee in September, 1966. At such time appellee related a history of low back pain with radiation to the right leg as a result of an injury that occurred when she was carrying a tray in the Texas Grill on July 11, 1966, and slipped on the floor on a piece of lettuce and fell on her buttocks. While appellee was very obese, which contributed to her disability, Dr. Antonetti stated that her back trouble was real, that she was not faking her disabilities, and that she was not a malingerer. Dr. Antonetti testified that the last time he examined her was on November 4, 1967, and that examination revealed that her physical condition continued to be the same as before. He testified that in his opinion, based upon reasonable medical probability, the cause of her pain and disability was

the injuries that she received on July 11, 1966. He stated that at the time of trial she was not able to do any type of work and that the correction of her condition would require probable surgery, and assuming excellent results from neurosurgery he thought she would continue to have limitation which would affect her performing any lifting or mopping, and that this condition would be permanent. There are many details in the testimony, but the effect of it is that the appellee was severely injured and that her condition in reasonable probability was disabling and permanent.

■ It is not for this court to discredit a witness who testifies that a patient is permanently disabled, even though the jury could have found the opposite. The question was for the jury, and we decline to disturb the verdict of the jury when it is based upon what we believe to be ample testimony. The evidence is sufficient to support the verdict, and we hold that the testimony from other witnesses, amounts to some evidence of her permanent disability, and that it is sufficient to support the verdict.

Appellant complains of the argument of appellee's counsel to the jury in his closing argument as follows:

"If you want to believe this is plaintiff's imagination, and you want to believe she is lying, *you go tell her she is lying and tell me I am lying to you*. I don't believe you will do that. If that is how you feel, I have failed as a lawyer for today." (Emphasis added.)

Appellant attacked the credibility of the testimony of both appellee and her medical doctor, Dr. Antonetti, and it implied that their testimony was false and incredible. Appellee takes the position that the above argument was in proper response to the arguments of The Travelers Insurance Company, and that it was justified under the circumstances.

In Fidelity & Casualty Co. of New York v. Johnson, 419 S.W.2d 352, 354 (Tex. Sup.), the following argument was held to be reversible error:

"Now, if I am wrong about it and I don't think I am for one minute, but if I am wrong about it, I want to ask you just one favor—if you go out there and write any, verdict other than what I want you to—answer my question when you leave this courtroom to ease my conscience. *I hope you go up to Linden Johnson and tell him where he can go and get a job and keep a job that requires the use of that leg—please do it because he can't—.*" (Emphasis added.)

This plea in the *Johnson* case was reiterated by plaintiff's attorney. Defendant's counsel objected to the argument. The trial court overruled both the objection and the request. The Supreme Court reversed and remanded the *Johnson* case and held that the argument was an appeal to the jurors to decide the case in plaintiff's favor or to go to plaintiff and justify their decision. The Supreme Court further said that the argument was an appeal to the sympathetic feelings of the jury to return answers to the issue submitted based on sympathy rather than an analysis of the evidence heard in the trial.

■ While the argument in the case at bar was not necessarily an appeal to the sympathetic feelings of the jury to return answers to the issues based on sympathy rather than an analysis of the evidence heard in the trial, plaintiff's attorney made a stronger and more forceful demand of the jury. Appellee's attorney did not merely "hope" that the jury would tell the appellee where she could go and get a job, as the appellee's attorney did in *Johnson*. He told the jury, in effect, that if they wanted to disbelieve the appellee, they should go up to her and tell her personally that she was a liar. Further, they should tell plaintiff's attorney that he was a liar as well. As in *Johnson*, this argument was an appeal to the jurors to decide the case

in appellee's favor or go to the appellee and her attorney and justify their decision. The testimony was sharply conflicting, and the statements made in the jury argument place this case squarely under the rule of *Johnson*. We are constrained to hold that the argument is reversible error. Objections were made timely to the above argument in this case, and the trial court overruled the objections and the request of appellant to instruct the jury to disregard the argument of appellee's counsel. While appellee contends that the argument merely implied that the jury was urged to tell appellee and her counsel that they were or were not liars by their findings in the verdict, the clear language does not have that effect. It directly challenges the jurors to go to the appellee and her counsel and boldly tell them that they were liars. According to the Supreme Court of Texas, such an argument cannot be condoned when objection is overruled and when there is no retraction.

Before a judgment is reversed because of argument of counsel, two things must appear. The argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 599 (Tex. Sup.). In view of the *Johnson* case above we have no alternative under the record of the present case but to reverse and remand this case for another trial.

Reversed and remanded.