Ruth I. WATKINS et al., Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 12394.

Court of Civil Appeals of Texas, Austin.

March 10, 1976.

Rehearing Denied March 31, 1976.

**444**

E. B. Underwood, Ballinger, for appellants.

Justin A. Kever, Kever & Ratliff, San Angelo, for appellee.

SHANNON, Justice.

Appellants, Ruth I. Watkins and Timothy Neil Watkins, the surviving widow and minor child of Clifford Watkins, appeal from a judgment *non obstante veredicto* entered by the district court of Sterling County that they take nothing in a workmen's compensation case. Appellee is Texas Employers' Insurance Association. We will affirm that judgment.

Clifford Watkins, died in Sterling County on January 18, 1974, from a gunshot wound to the left side of his head. On that date he was employed by Seidel, Inc., as an operator of a road grader on a highway construction project between Sterling City and Robert Lee. After the noon hour Watkins was discovered unconscious in a company pickup. He was taken to the hospital where he died later that day.

No one saw the shooting. It was shown that the bullet which struck Watkins came from his semi-automatic rifle which was found locked in the rifle rack located behind the pickup seat. The muzzle of the rifle was pointed toward the passenger side of the pickup, and Watkins was discovered on the same side of the pickup.

Most of the testimony centered upon whether or not the gunshot wound was self-inflicted. Appellants called several fellow employees and family members who testified that Watkins had no reason to be upset with his work or family life. They had noticed no change in his demeanor or personality. Appellants testified that Watkins was anticipating future plans such as a camping trip to Colorado in the coming summer and making improvements to his farm. On the other hand, appellee's evidence was that Watkins had suffered mental and emotional disturbances since 1966, and that he had been hospitalized for that condition in 1966, 1972, and 1973, for periods totaling several months. During his first hospitalization Watkins had attempted to take his life by slashing his wrists.

Appellants pleaded that Watkins accidently suffered the gunshot wound ". . . while engaged in the course of his usual and regular employment for . . ." Seidel, Inc. Appellee insurance company pleaded affirmatively that the Watkins' injury was caused by his willful intention to injure himself. Appellee specially denied that Watkins died as the result of an accidental injury, and that Watkins sustained an accidental injury in the course of his employment with Seidel, Inc.

The court submitted the case to the jury by one special issue which inquired whether the gunshot wound received by Watkins was not caused by his willful intention to injure himself. *Appellee* objected to the court's charge in its entirety for the reason that the charge did not submit the issue inquiring whether Watkins sustained an accidental injury in the course of his employ-

ment. In response to the special issue submitted, the jury answered that the gunshot wound ". . . was not caused by his willful intention to injure himself."

In the judgment, the district court listed several reasons in support of the judgment *non obstante veredicto.* As one of the reasons, the court recited that appellants

". . . did not request any issue or issues inquiring as to whether or not the death of the deceased was caused by an accidental injury received by him in the course and scope of his employment. The burden was upon the plaintiffs [appellants] to prove that the deceased sustained an accidental injury in the course and scope of his employment resulting in his death. These issues constitute a separate and independent ground of recovery that must be established by plaintiffs, and, there being no request to submit such issue or issues, and same being omitted from the Court's charge, the issue or issues as to whether or not the deceased sustained an accidental injury in the course and scope of his employment were by the plaintiffs waived . . ."

By point of error number six appellants maintain that the district court erred ". . . in holding that Plaintiffs [appellants] waived any issue as to accidental injury in the course and scope of employment." In support of their point appellants point out that *appellee* objected to the court's charge for the reason that it did not contain an issue with respect to injury sustained in the course of employment. Appellants say that the primary purpose of Tex.R.Civ.P. 279 "is to bring to the court's attention the issues raised." Appellants then argue that *appellee's* objection served that purpose.

■ In a workmen's compensation case the workman must obtain a finding that he sustained an injury in the course of his employment. *Wynn v. Southern Surety Company,* 26 S.W.2d 691 (Tex.Civ.App.1930, writ ref'd). To that end the workman must request the court to submit such a special issue in substantially correct form. *See*

*Merchandise Mart, Inc. v. Marcus,* 483 S.W.2d 893 (Tex.Civ.App.1972, writ ref'd n. r. e.), *Walsh v. Hershey,* 472 S.W.2d 954 (Tex.Civ.App.1971, writ ref'd n. r. e.). An independent ground of recovery not conclusively established, is waived if no issue thereon is given or requested. *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529 (Tex.1965), Tex.R.Civ.P. 279.

■ Contrary to appellants' argument, *appellee's* objection to the court's charge did not preserve for appellants their complaint that the charge failed to submit the matter of course of employment. *Texas Employers' Insurance Association v. Neuman,* 379 S.W.2d 295 (Tex.1964), *Montgomery Ward & Co. v. Randio,* 419 S.W.2d 407 (Tex.Civ.App.1967, writ ref'd n. r. e.).

■ Appellants did not request the submission of a special issue requiring whether Watkins sustained an injury in the course of his employment with Seidel, Inc. By failing to request the submission of the issue, appellants waived their ground of recovery for workmen's compensation benefits unless the evidence conclusively established that Watkins suffered an injury in the course of his employment. Appellants insist that the evidence was conclusive that Watkins suffered an injury in the course of his employment with Seidel, Inc. We do not agree.

An injury sustained in the course of employment includes ". . . all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Tex. Rev.Civ.Stat.Ann. art. 8309, § 1 (1959).

■ The requirements of the statute are not satisfied by proof that injury occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. He must also show that the injury was of a kind and character that had to

do with and originated in the employer's work, trade, business, or profession. *Shelton v. Standard Insurance Co.,* 389 S.W.2d 290 (Tex.1965), *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350 (Tex.1963), *Walker v. Texas Employers' Insurance Association,* 443 S.W.2d 429 (Tex.Civ.App.1969, writ ref'd).

 There was no evidence that Seidel, Inc., required its employees to carry firearms in the company trucks. The testimony was that Watkins had always carried the rifle in the pickup. Henry Kresta, Jr., an employee of Seidel, Inc., testified that he carried a rifle and that he knew of no company rule prohibiting that practice. Kresta had used that rifle at the job site in times past to kill two foxes which he thought rabid and to kill a "couple of rattlesnakes." Besides himself and Watkins, Kresta testified that he knew of one other employee who carried a rifle. Harold Steely, another employee, testified that he had once killed a rattlesnake with Watkins' rifle. There was no evidence that Watkins had ever used the rifle to shoot snakes or animals on the job.

The burden was on appellants to prove that the death of Watkins was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. Appellants introduced no direct evidence to that effect. Appellants did adduce some evidence that two other employees carried rifles which they occasionally used to kill snakes or potentially dangerous animals on the job. From those facts it might be inferred that Watkins carried the rifle as an incident to his employment. Notwithstanding, reasonable minds could draw a different inference. Under such circumstances, it is plain that the evidence did not conclusively establish that Watkins' injury was sustained in the course of his employment. *Southern Underwriters v. Willis,* 110 S.W.2d 252 (Tex.Civ.App.1937, writ ref'd). See *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (1951), *Commercial Standard Insurance Co. v. Davis,* 134 Tex. 487, 137 S.W.2d 1 (1940),

*Olds v. Traylor,* 180 S.W.2d 511 (Tex.Civ. App.1944, writ ref'd).

The judgment is affirmed.

Affirmed.