**Jerald D. MARKMAN, Appellant,**

v.

**Gerson LACHMAN et al., Appellees.**

**No. 8768.**

Court of Civil Appeals of Texas, Texarkana.

June 24, 1980.

Rehearing Denied July 29, 1980.

---

Stanley E. Latman, Latman & Smith, Dallas, for appellant.

Harold B. Berman, Berman, Fichtner & Mitchell, Dallas, for appellees.

RAY, Justice.

This is a civil conspiracy suit. Appellant (plaintiff), Jerald D. Markman, brought suit against his minor son's maternal grandparents, Gerson and Elaine Lachman, the step-grandparents, Morris and Sylvia Factor, appellees (defendants), and his son's natural mother and step-father, Harlene and Melvin Factor, seeking to recover damages for their failure to reveal the location of Samuel Bennett Markman, the minor child. Defendants, Harlene and Melvin Factor, were never served with citation and were dismissed as parties to the suit by the trial court. The suit was tried to a jury and at the conclusion of appellant's presentation of evidence, the trial court granted a motion for an instructed verdict in favor of Gerson and Elaine Lachman, and Morris and Sylvia Factor, and a take nothing judgment was entered in their favor, from which Appellant Markman has perfected his appeal. A single point of error is submitted for our consideration in which appellant complains of the granting of the instructed verdict.

Appellant Markman married Harlene Factor in February of 1968, and a child, Samuel Bennett Markman, was born to that union of marriage in April of 1970. In December of 1970 the parties were divorced and Harlene was named the managing conservator and Appellant Markman was granted visitation rights.

Subsequently, Harlene married Melvin Factor and they moved to New York City in April 1975 taking the child with them. Appellant contends that when the child was moved to New York City appellant began encountering frustrated attempts to visit his son. He contended in his suit that the named defendants engaged in a conspiracy to prevent him from seeing his child.

It is undisputed that the Lachmans had given the appellant the only known address they had for the child. Appellant went to the address in New York City and found Morris and Sylvia Factor, the step-grandparents, living at the address, but could not find his child. Subsequently, the instant case was filed.

Initially, it must be recognized that a party is entitled to an instructed verdict when reasonable minds can draw only one conclusion from the evidence. The duty of the appellate court is to determine whether there is any evidence of probative value to raise fact issues relative to the material questions presented. Upon review, the court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed and disregard all contrary evidence and inferences. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978); *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649 (Tex.1976); *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970). When reasonable minds may differ as to the truth of the controlling facts, a jury issue is presented. *Collora v. Navarro*, supra; *Henderson v. Travelers Ins. Co.*, supra; *Najera v. Great Atlantic & Pacific Tea Co.*, 146 Tex. 367, 207 S.W.2d 365 (1948).

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854 (Tex.1968). In order for there to be a conspiracy, some act must be committed, which if done alone, would give rise to a cause of action. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963).

Appellant places significant emphasis on the fact that the Lachmans admitted visiting the child in New York City; that they did not know the address where Harlene and Melvin Factor resided; that the Lachmans' daughter, Harlene, did not want the Lachmans to discover the address; that the Lachmans agreed not to ascertain the Factors' address; and that the reason the Lachmans agreed not to discover the address was so that they could not testify as to such fact in any subsequent legal proceeding.

The law does not impose upon the Lachmans a duty to discover the address of Markman's minor son in an effort to escape the payment of damages in a civil conspiracy trial. There was no evidence that appellees pursued an unlawful course of conduct or sought to accomplish some unlawful purpose. There being no duty of appellees to aid appellant in locating his minor child, the judgment of the trial court must be affirmed. This is not a case in which the Lachmans were shown to have known the location of the child and refused to reveal that information subject to penalty of contempt by the trial court. Neither is this a case in which the step-grandparents, the Factors, were subject to the effective enforcement of any contempt order which might have been issued by the trial court. The Factors had filed a special appearance under Tex.R.Civ.P. 120a and did not appear at the trial. Had the trial judge been convinced that the Factors knew the location of the minor child, he could not have effectively punished the Factors for failing to reveal the location of the minor child since the step-grandparents were not physically within the boundaries of the State of Texas. Additionally, it does not appear from the record that the Factors had sufficient mini-

mum contacts with the State of Texas to subject them to the jurisdiction of the Texas courts.

The judgment of the trial court is affirmed.