**TRANSPORT INSURANCE COMPANY, Appellant,**

v.

**Debbie LIGGINS, Individually and As Next Friend for Amanda Gay Liggins, et al., Appellees.**

No. 18525.

Court of Appeals of Texas, Fort Worth.

Dec. 3, 1981.

Rehearing Denied Dec. 31, 1981.

Arlen D. Bynum, Dallas, for appellant.

Malcolm Schulz, Abilene, for appellees.

G. W. Quick, guardian ad litem, Wichita Falls.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a worker's compensation case. Appellees are the widow and minor children of David Liggins, a truck driver killed on April 10, 1979, during a tornado in Wichita Falls. Judgment upon a jury's finding awarded compensation benefits to the appellees.

We affirm.

The record shows that on the date of his death, the decedent was employed by Oil Transport Company to drive its truck-tractor on an interstate route that took him through Wichita Falls; his work began that day after 11:15 A.M. and was expected to last about twelve hours; he was responsible for the truck and its equipment, subject to his employer's rules and regulations; and his average weekly wage was $380.00.

No eyewitnesses to the death were produced. The death certificate admitted into evidence cites "multiple traumatic injuries" as the cause of death. The parties stipulated that cause as being true and correct.

Appellees called three witnesses. The first was a Wichita Falls police officer of twenty-two years tenure, trained in civil defense, who had experienced both the 1979 tornado and one that struck the city while he was on duty in 1964.

Over appellant's objections, the officer was presented as an expert on the risks of hazard to persons in vehicles, as compared to the general public, in the 1979 tornado.

He testified as to his training and his experiences and observations during the 1964 and 1979 tornados and his participation in the police investigation of damage in the aftermath of both storms. The officer stated his opinion that an individual in a vehicle has a greater risk and danger in a tornado than a person not in a vehicle. He also expressed the opinion that in the path of the tornado, a person would be safer in a building than in a vehicle.

Such a witness would be expected to be more knowledgeable than the average layman in the particular area of inquiry involved, so as to assist the trier of facts. The officer's qualification and the admission of his opinion on matters within the realm of his expertise, was within the sound discretion of the trial court. *Southwestern Bell Tel. Co. v. Sims*, 615 S.W.2d 858 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ); *Swearingen v. Swearingen*, 578 S.W.2d 829 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd); *Adams v. Smith*, 479 S.W.2d 390 (Tex.Civ.App.—Amarillo 1972, no writ).

We find no abuse of discretion by the trial court and overrule appellant's tenth point of error which complains of admission of the officer's testimony.

The second witness was a wrecker driver who found the decedent's body in the overturned Oil Transport Company truck soon after the tornado ended.

The final witness was the decedent's widow, Debbie Liggins. She testified that on April 10, 1979, her husband's 5:30 A.M. departure was delayed until 11:15 A.M., because his employer was making repairs to the truck her husband would drive that day.

The evidence also showed that the employer's rules did not allow any type radio in the truck, unless furnished at the driver's expense; and that the vehicle contained no radio by which the driver might have received warning of the approaching storm.

After the widow's testimony, appellees rested their case. Appellant moved for instructed verdict, which the court denied.

Appellant rested without calling any witnesses, and both sides closed. Appellant filed a second motion for instructed verdict, also denied.

Only one special issue was submitted to the jury, which they answered "yes."

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that David Liggins' injuries and subsequent death were sustained in the course of employment with his employer, Oil Transport Company?

"ANSWER 'Yes' or 'No'

"ANSWER: *Yes*"

The charge to the jury contained the following instructions:

" 'INJURED IN THE COURSE OF HIS EMPLOYMENT' includes all injuries of every kind or character having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs of his employer, whether upon the employer's premises of (sic) elsewhere."

"The term 'INJURY SUSTAINED IN THE COURSE OF EMPLOYMENT' as used in the Worker's Compensation Law, does not include an injury caused by the act of God unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public."

"By the term 'ACT OF GOD' as used herein, is meant any accident that is due directly and exclusively to natural causes without human intervention and which no amount of foresight, pain or care, reasonably exercised, could have prevented. The

act must be one occasioned by the violence of nature, and all human agency is to be excluded from creating or entering into the cause of the resulting mischief. The term implies the intervention of some cause not of human origin and not controlled by human power."

Appellant timely filed a motion for judgment non obstante verdicto, which the court denied.

The first point of error attacks the denial of the motions for instructed verdict and judgment n.o.v..

■ Essential in a worker's compensation case is a finding that the worker's injury was sustained in the course of his employment. *Watkins v. Texas Emp. Ins. Assn.*, 534 S.W.2d 443 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.).

■ Whether reasonable minds may differ as to the truth of controlling facts is the test for an instructed verdict motion. If reasonable minds may differ, the jury must decide the issue. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978); *Markman v. Lachman*, 602 S.W.2d 350 (Tex.Civ.App.—Texarkana 1980, no writ).

■ The controlling fact to be decided in this case was whether or not David Liggins died during the course of his employment. This material issue was denied by appellant's answer and was the subject of testimony by the witnesses. For the trial court to have instructed a verdict when a material issue was raised by the evidence would have been error. *Heyward v. Republic Nat. Life Ins. Co.*, 527 S.W.2d 807 (Tex.Civ.App. —San Antonio 1975, aff'd at 536 S.W.2d 549, Tex.1976).

■ When a directed verdict is not proper, a judgment n.o.v. is not proper. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812 (Tex.1979).

■ Appellant's motion for judgment non obstante veredicto required the trial court, and this court, to consider all of the evidence in a light most favorable to the jury's verdict and indulge every reasonable intendment in its favor. *Dodd, supra.*

■ We conclude that there was sufficient probative evidence to raise a fact issue as to whether David Liggins was in the course of his employment at the time of his death.

Appellant's first, third, sixth, seventh and eighth points of error are overruled.

■ Their second point asserts that judgment for the appellees is error, because, as a matter of law, David Liggins' death resulted from an act of God.

While there was evidence from which the jury might reasonably conclude that Liggins' death was caused by the tornado, that was not established as a matter of law.

The parties did not stipulate that the tornado had *cause* or *effect* in Liggins' death. Nor did plaintiffs' petition allege the tornado as the cause of death. Instead, appellees pled that on April 10, 1979, while working in Wichita County, in the course of his employment, Liggins sustained accidental injuries resulting in his death.

Appellant answered that the death was caused by act of God, but offered no proof upon trial.

We agree with appellees' contention that although death from the tornado was a reasonable conclusion, the jurors might also reasonably have found that Liggins was killed in an accident before or after the tornado.

Appellant's second point of error is overruled.

■ Even assuming, arguendo, the death was caused by the tornado as an act of God, that alone would not exempt appellant from liability.

Under Tex.Rev.Civ.Stat.Ann. art. 8309 sec. 1(4)(1) (1967), an injury caused by an act of God may be deemed to have been "sustained in the course of employment," and therefore compensable, if such act of God injures the employee while performing duties that subject him to greater hazard than the general public, from the act of God.

Appellant's fourth and fifth points of error contend that the court's instructions and special issue, *supra*, misled the jury, unfairly commented on the weight of the evidence and improperly placed upon appellant the burden to negate that David Liggins was in the course of his employment at the time of his death. We cannot agree.

■ We hold that the trial court's issue was a proper submission to the jury of the controlling issue: whether Liggins' injury and death occurred in the course of his employment.

■ Since the 1973 amendment to Tex. R.Civ.P. 277, the trial courts are required to submit only the controlling issues. The submission of an inferential rebuttal issue is improper.

The Supreme Court described such issues in the following terms in *Select Ins. Co. v. Boucher*, 561 S.W.2d 474 (Tex.1978), at 477:

"An inferential rebuttal issue is one which seeks to disprove the existence of an essential element submitted in another issue. *Wirtz v. Orr*, 533 S.W.2d 468 (Tex. Civ.App.—Eastland 1976, writ ref'd n.r. e.). Inferential rebuttal issues have been variously referred to as denial issues or argumentative denials rather than direct negatives .... The basic characteristic of an inferential rebuttal is that it presents a contrary or inconsistent theory from the claim relied upon for recovery...."

■ We hold that upon the pleadings and evidence in this case, the defensive concepts of "act of God" and "greater hazard" are inferential rebuttal issues. They were fairly and properly submitted to the jury by the court's explanatory instructions. *Scott v. Atchison, T. & S. F. R. Co.*, 572 S.W.2d 273 (Tex.1978).

Appellant's fourth and fifth points are overruled.

■ The ninth point complains of the trial court's action admitting into evidence a publication of the U. S. Department of Human Resources, containing a report on the April 10, 1979, Wichita Falls tornado.

It was conceded at trial that appellees' counsel had furnished appellant's counsel a copy of the document "a month or two" earlier, complying with Tex.Rev.Civ.Stat. Ann. art. 3731a sec. 3 (Supp.1980–1981).

The report contains a description of the path of the tornado and warnings given to the populace, statistics of deaths and injuries, and includes the following statement:

"Even when houses were completely destroyed by a direct tornado hit, those who sought shelter indoors—usually in their cellars, interior hallways, basements, and closets—were at little risk of suffering a fatal injury. By contrast, people caught in the open or in their cars were at much greater risk."

We conclude the report was relevant and as an official publication permitted to be made and kept by an officer or employee of the United States, we hold that it was not hearsay and was properly admitted into evidence without being attested or certified by its legal custodian. Article 3731a, sections 2 and 4.

Appellant's ninth point of error is overruled.

■ The eleventh point complains of improper jury argument by the attorney ad litem representing children of the decedent.

The argument informed the jury that the minors he represented had sued for "a piddling amount of $17.50 a week," and that they were entitled to "limited benefits."

We conclude that any prejudicial effect of such argument could have been cured by instruction to the jury to disregard it. The argument was not reasonably calculated to cause, nor did it probably cause, the rendition of an improper verdict. The argument was not reversible error. *Travelers Insurance Co. v. Luna*, 428 S.W.2d 885 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ).

Appellant also waived complaint of improper argument by failing to ask the trial court to instruct the jury to disregard. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979).

Appellant's twelfth point of error assails the absence of evidence in the record to support the court's award of attorney fees to the attorney ad litem. No such evidence is required. Tex.R.Civ.P. 173.

The eleventh and twelfth points of error are overruled.

Judgment of the trial court is affirmed.