**T. W. PATTON et al., Appellants,**

v.

**J. W. NICHOLAS et al., Appellees.**

No. 3464.

Court of Civil Appeals of Texas.

Waco.

May 2, 1957.

Rehearing Denied May 23, 1957.

C. C. Renfro, Dallas, for appellants.

William S. Campbell, Dallas, for appellees.

McDONALD, Chief Justice.

This appeal is from a judgment requiring Machinery Sales and Supply Company and T. W. Patton, the president and dominant stockholder thereof, to pay a dividend in the amount of $112,000 on the capital stock of the corporation.

The cause was originally instituted as an action by plaintiffs as minority stockholders for an accounting and liquidation of the defendant corporation, whose president defendant T. W. Patton as majority stockholder was charged with mismanagement and maliciously suppressing payment of dividends. The District Court ordered liquidation of the corporation, which judgment was affirmed by the Court of Civil Appeals, 269 S.W.2d 482. The Supreme Court granted a Writ of Error and reversed the decree of liquidation of the corporation, and remanded the case to the District Court for trial of the issues as to the proper amount dividend to be declared and paid by the corporation. See Patton v. Nicholas, 154 Tex. 385, 279 S.W.2d 848, 857. The Supreme Court found that dividends had been maliciously suppressed by the majority stockholder T. W. Patton and the corporation, but that liquidation for such reason was too harsh a remedy; that wisdom required "tailoring the remedy to fit the particular case", which the Supreme Court found to be the remand of the case and the substitution of a new decree

"which will probably give adequate protection to the [plaintiffs] and at the same time afford both parties a chance to normalize their relation-

ships. *The decreé will include a mandatory injunction requiring the corporation and * * * its dominant officer and stockholder to declare and pay at the earliest practical date a reasonable dividend on the stock of the corporation. This means that the amount of such dividend shall be substantial and shall take into consideration, as a strong factor in favor of greater size or amount, the amount of accumulated surplus of the corporation, the fact that [plaintiffs] have been wrongfully deprived of their dividends since the beginning [more than 10 years], the more or less liquid or 'current asset' character of the large inventory of presumably salable merchandise, as well as such other matters as have logical bearing."*

Pursuant to the foregoing the plaintiffs Nicholas and Parks, who own 38% of the stock of the corporation (as against 61% owned by T. W. Patton), on 22 December 1955 moved the Trial Court to which the cause was remanded to require the defendant corporation and its dominant stockholder and president defendant T. W. Patton to declare and pay a reasonable dividend at the earliest practicable date. All parties waived a jury. The Trial Court appointed a Master in Chancery to conduct hearings and make findings upon the issues presented by the opinion of the Supreme Court relating to the amount of the first dividend to be declared and paid by defendants. Pursuant to such order the Master in Chancery conducted hearings, at which all parties testified and at which some 1,300 pages of testimony and documentary evidence was offered. The Master appointed a disinterested certified public accountant to review the statements, financial structure and condition and the testimony of the auditors of the parties, and testify under oath as to his findings and recommendations. The Master found that the defendant corporation's inventory had been deliberately "marked down", and ordered a new inventory taken, which resulted in a re-pricing of many items and a raise in the valuation of the inventory of some $57,000.

The Master filed Findings of Fact based on the evidence before him, in which he found that the defendant corporation is a profitable mercantile corporation with $280,000 paid up capital stock; $176,000 accumulated surplus (using the defendants' inventory), and more than $203,000 using the re-priced inventory; that total assets of the corporation were more than $700,000, with working capital of more than $366,000.

The Master further found that the defendant corporation and its dominant officer and stockholder can declare as of October 31, 1955 and pay at the earliest practicable date a reasonable dividend in the sum of $112,000. The Master further made suggestions as to the sources from which such sum could be paid.

The Master filed his report, findings and recommendations with the Trial Court, which thereafter entered judgment that defendant corporation and its dominant stockholder T. W. Patton pay a dividend on or before *15 September 1956* in the amount of $112,000.

Defendants appeal, contending: 1) that the Trial Court erred in ordering the payment of the $112,000 dividend because a dividend in that amount was not supported by the record and was not authorized by the Supreme Court's opinion; 2) that the evidence is insufficient to show that the corporation could raise enough money to pay a $112,000 dividend; 3) that the Trial Court erred in ordering the $112,000 dividend without deducting the amount of $40,000 required to be spent by the defendant corporation for new catalogues.

The background of this case is covered in the Supreme Court's opinion supra, but suffice it to say that the defendant T. W. Patton, owner of 61% of the stock in the corporation, "kicked" plaintiffs, who owned 38% of the stock, out of the corporation, and although the corporation for the next ten years was successful and made money,

defendant Patton maliciously suppressed the payment of any dividends. The plaintiffs filed suit seeking dissolution of the corporation, which was decreed by the Trial Court and the Court of Civil Appeals—but the Supreme Court, in the exercise of its equitable power, reversed the case and ordered the corporation to pay

1) at the earliest date

2) a reasonable dividend

3) a substantial dividend

4) taking into consideration in favor of greater amount the accumulated surplus; the fact that plaintiffs had been wrongfully deprived of dividends; the more or less liquid character of the large inventory, as well as other matters having a logical bearing.

The Trial Court then appointed a Master in Chancery to conduct hearings and receive evidence as to what would be a reasonable dividend in view of the foregoing and make findings and recommendations. The Master made such findings and recommended a dividend in the amount of $112,000, which amount was made the judgment of the Trial Court.

 We have carefully reviewed the voluminous record in this case and conclude that the Trial Court did not err in its determination of $112,000 as the proper amount of the first dividend under the formula prescribed by the Supreme Court. We think such dividend was amply supported by the record, and indeed, feel that the record could have· supported a first dividend in even greater amount. We further feel that the evidence is sufficient to show that the corporation could raise the $112,000 dividend in the manner outlined by the Master, but on this point we say further that the problem of raising the dividend is primarily that of the management. The fact that the corporation has contracted some $40,000 worth of new catalogues with a view to increased sales and profits likewise is not sufficient to render the $112,000 dividend

ordered paid by the Trial Court either unreasonable or unsupportable by the evidence and record. The evidence before the Master could support a first dividend of $168,000; the earned surplus of the corporation is more than $200,000; and the total assets of the corporation are more than $700,000 (giving effect to under-priced real estate). The Supreme Court acted on this case on 5 July 1955; the Trial Court ordered this dividend paid on or before *15 September 1956.*

It follows that the judgment of the Trial Court is Affirmed. Since the dividend was originally ordered paid on or before 15 September 1956, such $112,000 dividend will draw interest at the rate of 6% from 15 September 1956 until paid.

Affirmed.