Jodie "Joe" Vernon BRASWELL, Appellant,

v.

Hazel Gladys BRASWELL, Appellee.

No. 5070.

Court of Civil Appeals of Texas, Waco.

Jan. 20, 1972.

Rehearings Denied Feb. 17, 1972.

Richard J. Corbitt, III, Dallas, Curtis, Crowder & Mattox, on appeal only (A. Don Crowder), Dallas, for appellant.

Brady, Drake & Wilson (Jack E. Brady), Dallas, for appellee.

HALL, Justice.

The appellee, Mrs. Hazel Gladys Braswell, brought this action against the appellant, Jodie "Joe" Vernon Braswell, for divorce and for division of their property. The only child of the parties is 25 years of age and self-supporting.

All of the property owned by the parties was community property. Their most valuable asset was the ownership of Braswell Motor Freight Lines, Inc., a closely-held corporation. They owned 34,962 shares of the 35,000 shares of common stock issued by the corporation. H. J. Jones, Sr., an employee of the freight lines since 1942, owns the remaining 38 shares.

Trial was to a jury. It made findings, among others, that support Mrs. Braswell's right to a divorce; that the market value of the Braswells' 34,962 shares of stock is $9,439,740; that the market value of one-half (17,481) of the shares owned by them is $3,775,896; that various oil properties owned by the parties has a market value of $34,452.00; that Mrs. Braswell "in good faith and with probable cause, employed counsel to represent her"; and that a reasonable fee for her attorneys is $250,000. The record reflects other properties owned by the parties, and the values thereof, about which no inquiries were made of the jury.

The court rendered judgment on the verdict and granted the divorce. As we interpret the record, the court awarded properties to Mrs. Braswell of the total value of $696,400 (including $613,400 cash), plus one-half of their shares of the stock of the corporation; and it awarded properties to Mr. Braswell of the approximate total value of $587,952, plus one-half of their shares of the corporate stock. Additional-

ly, the court required Mr. Braswell to pay Mrs. Braswell $250,000 for her attorneys' fees.

Mr. Braswell asserts that the evidence is legally insufficient, or, alternatively, factually insufficient, to support the finding that $250,000 is a reasonable attorneys' fees in this case. We overrule these contentions.

■■ Mr. Braswell made a motion for judgment on the verdict, expressly reciting the jury's finding on attorneys' fees, and requesting that each party be ordered to pay his or her attorneys' fees. A motion for judgment on the verdict is an affirmation by the movant that the findings of the jury are supported by competent evidence. Wilson v. Burleson (Tex.Civ.App.—Waco, 1962, n. r. e.), 358 S.W.2d 751, 753. Accordingly, Mr. Braswell may not now contend that the finding on attorneys' fees is without legal or factual support in the record.

■■ In any event, in deciding the reasonable value of legal services, the factfinder may properly consider, among other factors, the time and labor involved; the nature and complexities of the case; the amount of money or the value of the property or interest involved, and the extent of the responsibilities assumed by the attorney; whether other employment is lost by the attorney because of the undertaking; the benefits resulting to the client from the services; the contingency or certainty of compensation; and whether the employment is casual or for an established or constant client. 56 A.L.R.2d 20. The record contains evidence of each of these factors, and includes the unrebutted testimony of four lawyers whose combined practices total 120 years, all of which supports the attorneys' fee award. No precedential value would be served by detailing that evidence here. A review of the entire record convinces us that the questioned finding is not against the great weight and preponderance of the evidence.

Mr. Braswell complains that the evidence is legally or factually insufficient to support a determination that the award of attorneys' fees to Mrs. Braswell was "necessary" to enable her to prosecute her cause of action. There is no merit in these complaints, and they are overruled.

Prior to Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950), the rule had developed in this state that if a wife institutes or defends a divorce action in good faith, and if she has probable grounds for doing so, then the husband may be held liable for her attorney's fees on the theory that they are "necessaries."[1] However, in *Carle* the court concluded that it is an improper approach to the problem to classify the wife's attorneys' fees in a divorce action as a necessity and then apply the rule that necessities are primarily the obligations of the community and secondarily of the husband's separate estate. The court held that the taxing of attorney's fees after the pronouncement of a divorce decree is but a factor to be properly considered by the trial court in making an equitable division of the estate of the parties "considering the conditions and needs of the parties and all of the surrounding circumstances." Additionally, the court held that although a decree that the husband pay all of the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, "that alone does not condemn it."

■ Mr. Braswell presents other points and contentions all of which relate to the question of attorneys' fees. They are overruled. Our review of the record, and a careful analysis of the nature and extent of the properties awarded to the parties, convinces us that the trial court did not abuse its discretion in requiring Mr. Braswell to pay the attorneys' fees.

1. See, for example, Ashworth v. Edwards (Tex.Civ.App., 1927, no writ hist.), 5 S.W.2d 776; Long v. Lewis (Tex.Civ. App., 1948, writ ref., n. r. e.), 210 S.W. 2d 207; and the many cases they cite.

Mrs. Braswell presents a cross point in which she asserts that the trial court abused its discretion by dividing in kind the shares of stock owned by the parties, rather than ordering a sale of the stock and an equal division of the proceeds.

In support of her cross point Mrs. Braswell argues, primarily, that Mr. Jones is dominated by Mr. Braswell and will always vote his 38 shares with Mr. Braswell; that she is thereby "locked in" as a minority stockholder; that no cash dividends have been paid by the corporation since 1951, and she cannot, therefore, anticipate any future income from her "stock investment"; that she is "unable to liquidate her minority interest"; that she is "subject to the whim and caprice of an obviously disgruntled ex-husband who refuses to sell the business yet possesses the control to operate it for his own benefit"; and that she is "the unwilling victim of lack of adequate management." These arguments are not supported by the record, and the cross point is overruled.

In brief, the record shows that the parties married in 1927 while they were both employees in a textile mill; that at that time Mrs. Braswell was 17 and he was 19; that neither finished high school; that beginning in 1930 with savings of $1,200 and a homemade trailer, Mr. Braswell, acting practically alone, gradually assembled through expansions and mergers the Braswell Motor Freight Lines, Inc., which is now one of but a few transcontinental motor freight lines; that the motor freight business is highly competitive; that from 1962 until 1970 the company grew from a $2,000,000 corporation to one of $10,-000,000; that, in 1970, the company grossed $14,787,000 and produced an after-tax net profit of $499,365; that this growth and production over the years was the result of an iron-fisted management by Mr. Braswell; and that based upon the present operating performance of the company it will gross $21,718,000 in 1980 and be worth $15,000,000. The record shows that Mr. Jones is in fact under the direct control of Mr. Braswell, although Mr. Jones is free to dispose of his 38 shares if he should desire to do so. It also shows that no cash dividends have been paid by the company since 1951.

The jury found that the shares of stock allotted to Mrs. Braswell have a present cash market value of $3,775,896. Mrs. Braswell does not challenge this finding and it is supported by the testimony of an appraiser appointed by the court, who, in giving his estimate of value, was asked to assume that Mr. Braswell and Mr. Jones "were going to vote their shares together" and "deal with (this company) as they see fit." Thus, we must assume that she can liquidate her interest in the corporation if she chooses to do so.

Since the incorporation of the freight lines, the parties have lived quite comfortably on Mr. Braswell's salary and invested the company profits into its further growth. It would have been costly in taxes to them and therefore unwise for this family corporation to have paid cash dividends prior to this divorce. We do not believe these facts raise a presumption that the corporation acting through its dominant officer and stockholders will not now regularly declare and pay reasonable dividends. If they should improperly refuse to do so, then any minority stockholder has his or her legal remedy. Patton v. Nicholas, 154 Tex. 385, 279 S.W.2d 848 (1955); Morrison v. St. Anthony Hotel, San Antonio (Tex.Civ.App., 1956, writ ref., n. r. e.), 295 S.W.2d 246; Patton v. Nicholas (Tex. Civ.App., 1957, writ ref., n. r. e.), 302 S. W.2d 441.

■ "The trial court has the duty to determine if the community property is subject to partition in kind. If he determines that it is then he shall equitably divide the community property between the parties. If it is not subject to partition in kind the trial court can appoint a receiver and order so much of the property as is incapable of partition to be sold * * *." Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 303

(1960). And the mere fact that stock in a closely-held corporation is divided in kind between the husband and wife in such a way that the husband, who is president and general manager of the corporation, might retain the control of the corporation does not, alone, constitute an inequitable division. Blackburn v. Blackburn (Tex.Civ. App., 1942, no writ hist.), 163 S.W.2d 251, 256.

The court decreeing a divorce is required by Section 3.63 of the Family Code, Vernon's Tex.Codes Ann., to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party * * *." We have carefully weighed the court's division of property in this case in the light of the whole record. We find no abuse of discretion.

The judgment is affirmed.