Roy LYNCH, Appellant,

v.

EXXON PIPELINE COMPANY,
Appellee.

No. 5613.

Court of Civil Appeals of Texas,
Waco.

Dec. 23, 1976.

Frank M. Fitzpatrick, Moody & Crow, Waco, for appellant.

Kenneth P. Fountain, Houston, for appellee.

HALL, Justice.

John Pearson and the appellant, Roy Lynch, instituted separate suits against appellee, Exxon Pipeline Company, for damages resulting from a break in Exxon's underground 12-inch oil pipe line on land owned by Pearson and leased to appellant. Exxon answered with general denials, but in response to requests for admissions it conceded that both Pearson and appellant were damaged by the oil spill. The cases were tried together by the court without a jury. Judgment was rendered in favor of Pearson in the sum of $7,383.90, and in favor of appellant in the sum of $3,313.00. Pearson did not appeal. Appellant predicates his appeal on two points of error, asserting (1) the court erred in failing to comply with his demand for findings of fact and conclusions of law, and (2) the evidence conclusively shows that he suffered certain amounts of damages, and he should have therefore recovered judgment for those amounts. We overrule these contentions and affirm the judgment.

Appellant made a timely demand for the court to file written findings of fact and conclusions of law. The request was

not met, but this failure was never called to the judge's attention.

Rule 297, Vernon's Tex.Rules Civ.Proc., provides as follows: "When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

Under the provisions of Rule 297, appellant may not now complain of the judge's failure to file findings and conclusions, because he did not notify the judge of the omission within the prescribed time. *Polk v. Grogan's Wholesale and Retail Lumber*, 325 S.W.2d 201, 208 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.).

Appellant's second point is based upon the contention that the proof shows without contradiction he suffered the following damages as a result of oil leakage from the broken pipe line:

1. $633.33 for loss of use of 110 acres for cattle grazing for 100 days.
2. $1,600.00 for feed he was required to purchase to feed his cattle as a result of the loss of use of 110 acres for 100 days for grazing.
3. $2,425.00 for extra travel expenses to and from Marlin and Waco in connection with caring for his cattle during the oil spill.
4. $770.00 for analysis of the water in a polluted tank for which Exxon agreed to pay.
5. $700.00 for a new fence necessary to keep cattle off grass contaminated by the spill.

We disagree. Most of the proof of these elements of damage rests solely upon appellant's testimony. Much of it is uncorroborated. Material questions are raised in the proof relating to extra time and travel appellant was required to devote to his ranching operation on the leased premises as a result of the oil spill, and their value and cost; to the amount of acreage he lost for grazing purposes and the term of the loss; to the amount of extra feed he was required to use and its value; to the actual cost of the new fence he personally constructed; and to whether Exxon agreed to pay for the water analysis in question.

Appellant's testimony was that of an interested witness. In several parts, such as extra time, travel, and feed, and their values, it could not be readily contradicted if untrue. Testimony of this nature raises only questions of fact. *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 467 (Tex.Sup.1969). As trier of the facts, it was the trial judge's prerogative and duty to weigh all of the evidence, ferret out what he believed to be its most credible parts, and award damages accordingly.

The evidence does not conclusively establish the amounts of damages sought by appellant. On the other hand, the court's award is well within the proof.

Appellant's points and contentions are overruled. The judgment is affirmed.