Virgil N. MILLS, Appellants,

v.

Leota Edith MILLS, Appellee.

No. 17927.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 1, 1977.

Rehearing Denied Dec. 29, 1977.

Short & Copeland and Donald E. Short, Wichita Falls, for appellants.

Hogan, Fudge & Elder and Billy T. Elder, Burkburnett, for appellee.

## OPINION

SPURLOCK, Justice.

Husband (hereafter known as appellant) has appealed from that portion of a judgment in a divorce suit granting attorney's fees on behalf of the wife (hereinafter known as appellee.)

Wife has also perfected an appeal; her complaint is in the form of a cross point.

Affirmed in part and reversed and remanded in part.

On September 2, 1976, husband filed for a divorce from his wife. The final judgment awarded appellee-wife $3500.00 for legal services in the trial court and $1,000.00 for legal services in case of an appeal. These attorney's fees constitute the basis of this appeal.

We will not discuss appellant's points of error in the sequence in which they appear in his brief. By his third point of error, appellant contends that the trial court abused its discretion in awarding to appellee attorney's fees in the amount of $4500.00.

Tex. Family Code Ann. § 3.63 (1975) directs the trial court in a divorce or annulment to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard to the rights of each party and any children of the marriage." This was also the law in Texas prior to the adoption of the Family Code. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950). In *Carle,* supra, the supreme court wrote:

> "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. . . ." *Id.* at 1005.

In making a division of the community property of the parties, the trial court has wide discretion, and such discretion will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *Lipshy v. Lipshy,* 525 S.W.2d 222 (Tex.Civ. App.—Dallas 1975, writ dism'd).

■ The recovery of an attorney's fee in a divorce case can be based upon proof (inter alia) of disparate earning capabilities, different business opportunities, the relative abilities of the parties, the relative financial standing of the parties, their physical conditions, their probable future needs for support, educational background, fault in breaking up the marriage, and the benefits the innocent spouse would have received from a continuation of the marriage. *Lipshy v. Lipshy, supra; Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Houssiere v. Houssiere,* 389 S.W.2d 533 (Tex.Civ.App.—San Antonio 1965, no writ).

■ With regard to the appellant, the evidence shows that (1) he initiated the divorce proceedings, (2) he is a successful and experienced businessman, and (3) he received all of the income-producing property and cash. As for the appellee, the evidence shows that (1) she has no previous business or job experience, (2) she has an eighth grade education, (3) she has had major back surgery, and (4) she received no income-producing property or cash.

On the evidence before us, we hold that the trial court did not abuse its discretion in ordering the husband to pay the $4500.00 in attorney's fees for appellee. We overrule appellant's third point of error.

By his first and second points of error, appellant contends that (1) there was no evidence of probative force to sustain the award of attorney's fees, and (2) that there was insufficient evidence to sustain such an award.

In reviewing the evidence, this court is bound by the rules as set forth in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Gary Dobbs, a certified family law specialist, testified that a reasonable attorney's fee for legal services rendered through the trial in the court below, would be from $7500.00 to $9500.00. He had reviewed the appellee's attorney's file and the property settlement agreement.

■ Evidence is necessary to sustain an award of attorney's fees. *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901 (Tex.1966). *Britton, supra,* holds that the trial judge may not adjudicate the reasonableness of an attorney's fee without evidence. There is no evidence in the record as to what a reasonable attorney's fee would be for an appeal. We sustain appellant's "no evidence" point of error insofar as it relates to the $1000.00 attorney's fee awarded in case of an appeal. We also sustain appellant's "insufficient evidence" point insofar as it relates to the $1000.00 attorney's fee in case of an appeal.

■ Appellee has brought forth one cross point of error; i. e., she contends that the trial court erred in rendering judgment for only $4500.00 in that the trial court abused its discretion in disregarding the uncontradicted testimony of Mr. Dobbs that a reasonable attorney's fee would be somewhere between $7500.00 and $9500.00. The factfinder is not bound by the opinion testimony of an expert witness, but it may accept or reject any or all of it. *Tix v. Employers' Casualty Co.,* 368 S.W.2d 105 (Tex.Civ.App.—Houston 1963, no writ). We overrule appellee's cross point.

■ Since we must reverse the trial court's judgment insofar as it relates to attorney's fees for the appeal, we have concluded that the interests of justice would be best served by a remand of the case on the issue of what a reasonable attorney's fee would be for an appeal. *Huntley v. Huntley,* 512 S.W.2d 767 (Tex.Civ.App.—Austin 1974, no writ); *Harding v. Harding,* 461 S.W.2d 235 (Tex.Civ.App.—San Antonio 1970, no writ), subsequent appeal after remand, 485 S.W.2d 297 (Tex.Civ.App.—San Antonio 1972, no writ), Tex.R.Civ.P. 434 (1976) provides in part:

> "[I]f it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties; the judgment shall only be reversed and a new trial ordered as to that part affected by such error . . . . ."

**690**

Also see *Young v. Hicks,* 559 S.W.2d 343 (Tex.1977); *Southwest Title Ins. Co. v. Northland Bldg. Corp.,* 552 S.W.2d 425, 430 (Tex.1977); Jack Pope and Daniel J. Sheehan, Jr., "Try, Try, Again . . ." A Proposal to Limit the Scope of New Trials in Texas, 7 St. Mary's L.J. 1 (1975).

The portion of the judgment awarding appellee $3500.00 in attorney's fees for the trial is affirmed, and the portion of the judgment awarding attorney's fees for an appeal is reversed, severed and remanded to the trial court for a new trial on that issue. The costs of this appeal are taxed against the appellant.