**Joseph Beekman SAUMS, II, Appellant,**

v.

**Linda Irene Folk SAUMS, Appellee.**

**No. 6997.**

Court of Civil Appeals of Texas, El Paso.

Dec. 31, 1980.

Robert L. Evans, Jr., P. C., Richard D. Davis, Midland, for appellant.

E. F. Lohmann, III, Midland, for appellee.

OPINION

OSBORN, Justice.

This is a divorce case in which a jury determined that Linda Saums should be managing conservator of these parties' minor child and found her reasonable attorney's fees to be $7,500.00. On issues submitted to the Court, judgment was entered granting a divorce, dividing the community property, awarding child support and establishing visitation rights. Mr. Saums appeals all issues decided except as to the managing conservatorship. We affirm the judgment of the trial Court except as to the award of attorney's fees, and that issue is severed and reversed and remanded to the trial Court.

The first two points of error assert that there is no evidence to support the submission of the issues on attorney's fees for preparation and trial of this case and for appeal to the Court of Civil Appeals. The jury awarded $5,000.00 for the trial and $2,500.00 for the appeal. Mr. Lohmann, III, counsel for Appellee, testified that the normal and customary fee for a contested jury case in Midland County will range from $5,000.00 to $10,000.00. He said in his opinion this case has taken more time than usual. There is no testimony of what work was performed by counsel and no evidence of hours spent in trial or preparation for trial. See *Meshwert v. Meshwert*, 543 S.W.2d 877 (Tex.Civ.App.—Beaumont 1976) affirmed 549 S.W.2d 383 (Tex.1977). The amount of time or work required for the appeal is not even mentioned in counsel's testimony. What Mrs. Saums might spend on attorney's fees is not evidence of what is a reasonable fee. Certainly, fees will vary in each case and what might be reasonable in one might be very unreasonable in another.

In *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, writ dism'd), the Court said:

> * * * in deciding the reasonable value of legal services, the fact-finder may properly consider, among other factors, the time and labor involved; the nature and complexities of the case; the amount of money or the value of the property or interest involved, and the extent of the responsibilities assumed by the attorney; whether other employment is lost by the attorney because of the undertaking; the benefits resulting to the client from the services; the contingency or certainty of compensation; and whether the employment is casual or for an established or constant client.

Those factors have not been developed in this case. The question of reasonableness must also be reviewed in light of the charge which can be justified to the client. A two or three day divorce trial normally does not justify a $5,000.00 fee to a working lady whose gross income is only $1,000.00 a month. The fact that such a fee may, as counsel testified, be "normal and customary" does not make it reasonable. Points of Error Nos. 1 and 2 are sustained.

Certainly, some fee can be justified and should be awarded both for the trial and this appeal, and we reverse and remand the issue as to attorney's fees. *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex.1966).

■ Points of Error Nos. 3 and 7 complain as to the judgment dividing the property. First of all, we find there is some evidence that the property divided by the Court had been given to these parties by the corporate employer of Mr. Saums. The wife testified that she considered it their property, and there is no evidence that the corporation continued to manifest ownership rights after the property was delivered to these parties. Awarding Mrs. Saums a specific sum in lieu of her obtaining possession of the specific property awarded to her has been approved in many instances. *Hickman v. Aldridge*, 21 S.W.2d 341 (Tex. Civ.App.—Eastland 1929, no writ), and

cases cited in that opinion. Points of Error Nos. 3 and 7 are overruled.

■ Point of Error No. 8 complains of the manner in which the trial Court determined these parties' liability for certain debts. Each was held liable for their own debts after their separation. He was held liable for all judgment debts against him, and each was liable for debts secured by the property described in the judgment. We find no error in this part of the judgment, and overrule Point of Error No. 8.

■ Points of Error Nos. 4, 5, 6, and 9 complain about child visitation and child support provisions. We find no abuse of discretion in the trial Court's judgment. The trial Court had a right based upon the difficulties between these parties, to set certain limitations upon when and where visitation rights were to be provided Mr. Saums. Since these parties lived in different cities, the limitations were not unreasonable. The award of $200.00 per month in child support does not appear to be excessive, even though Mr. Saums' salary is less than that of his wife. We would anticipate that, if Mr. Saums complies with present restrictions on his visitation rights and meets his support obligations, within a reasonable time some of the visitation restrictions could be relaxed by the trial Court. Mr. Saums urges that we should consider all of his obligations, including other support obligations which he must make, in passing on his support payments in this case. But, based upon our decision in *Saums v. Synoground*, 605 S.W.2d 373 (Tex.Civ.App.—El Paso 1980, no writ), it does not appear that he is meeting his other support obligations.

■ The last point complains of a failure to obtain relief on a motion for new trial because witnesses at the trial who were placed under the rule as provided for in Rule 267, Tex.R.Civ.P., violated the Court's instructions about conversing with each other. Without at least a bill of exception or other proof to show the error, we are unable to determine that there was in fact a violation of the rule or that any harm resulted. Point of Error No. 10 is overruled. Rule 434, Tex.R.Civ.P.

That part of the judgment which decrees that E. F. Lohmann, III, recover the sum of $7,500.00 for legal services rendered is reversed and that part of the case is remanded to the trial Court, and in all other respects the judgment of the trial Court is affirmed. Ten percent of the costs of appeal shall be taxed against the Appellee and the balance against the Appellant.