Doil TREADWAY, Appellant,

v.

Nancy TREADWAY, Appellee.

No. 8835.

Court of Civil Appeals of Texas, Texarkana.

Feb. 24, 1981.

Rehearing Denied March 24, 1981.

Harry B. Friedman, Harkness, Friedman, Kusin & Britt, Texarkana, for appellant.

M. Mark Lesher, Lesher & Doshier, Texarkana, for appellee.

HUTCHINSON, Justice.

This is the second appeal of a divorce suit. The initial appeal is reported in 576 S.W.2d

121 (Tex.Civ.App.—Texarkana 1978, no writ).

Appellant, Doil Treadway, and appellee, Nancy Treadway, were married in 1958. An interlocutory decree of divorce was entered on December 29, 1977. The issues of child custody, child support, property division and attorneys fees were heard by the court in February of 1978 and another decree was rendered on February 28, 1978. The first appeal was from this decree. The appeal was dismissed primarily because the decree was deemed to be interlocutory. On November 20, 1979, the trial court, without granting a motion for new trial and without hearing additional evidence, entered its amended decree of divorce. This appeal is from that amended decree.

By his first two points of error appellant asserts that there was no evidence as to the reasonableness of the $5,058.00 attorney's fee awarded to the attorney for appellee and that such fee is excessive.

Appellee testified that she had agreed to pay her attorney a reasonable fee. Her attorney testified that he had worked 187¼ hours on the case and that a reasonable fee in the area was $40.00 per hour. Appellant offered no rebuttal testimony as to the reasonableness of the per-hour fee nor did he question the time spent on the case by the attorney.

In support of his first two points of error, appellant cites the cases of *Mills v. Mills*, 559 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1977, no writ); *Huntley v. Huntley*, 512 S.W.2d 767 (Tex.Civ.App.—Austin 1974, no writ); *Lawson v. City of Groves*, 487 S.W.2d 439 (Tex.Civ.App.—Beaumont 1972, no writ); *Schecter v. Folsom*, 417 S.W.2d 180 (Tex.Civ.App.—Dallas 1967, no writ); and *Rhoades v. Miller*, 414 S.W.2d 942 (Tex. Civ.App.—Tyler 1967, no writ). In each of these cases, the trial judge adjudicated the reasonableness of the fee based upon judicial knowledge without the benefit of evidence and these cases correctly held that such is prohibited. See also *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex.1966). In *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258 (Tex.Civ.

App.—Austin 1975, no writ), also relied upon by appellant, it was stated that the trial court in making an award of an attorney fee should consider the nature of the case, nature of the services rendered, amount of money involved, client's interest at stake, the amount of time devoted by the attorney, and the skill and experience reasonably needed to perform the services. The case of *Paugh v. Paugh*, 579 S.W.2d 38 (Tex.Civ.App.—Waco 1979, no writ), also cited by appellant, states that the attorney fee should bear some reasonable relationship to the amount in controversy. Taking into consideration these suggested factors upon our review of the record here, the allowed attorney fee does not in and of itself appear to be excessive. A similar award was upheld in *Blaylock v. Blaylock*, 603 S.W.2d 254 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), and *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.— Corpus Christi 1977, no writ). Here the attorney fee as allowed by the court represents payment of only slightly over $29.00 per hour as compared to the evidence of $40.00 per hour being reasonable, indicating that the opinion evidence was considered by the court but that it was not binding. *Delaney v. Delaney*, 562 S.W.2d 494 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ dism'd); *McFadden v. Bresler Malls, Inc.*, supra. Appellant's points of error one and two do not present reversible error.

Appellant also complains of the trial judge's failure to prepare and file findings of fact and conclusions of law. The record reflects that following the entry of the interlocutory decree of divorce on February 28, 1978, appellant timely filed a request for findings of fact and conclusions of law and properly called the omission to comply with such request to the attention of the trial court. Rules 296 and 297, Tex.R.Civ.P. The trial court was not in error for its failure to comply with this request since Rule 296 requires such to be done only after the entry of a final judgment. After the entry of the final judgment on November 20, 1979, appellant did on November 28, 1979, request the court to make and file

findings of fact and conclusions of law but did not call the omission to do so to the attention of the judge as required by Rule 297. Appellant therefore cannot here successfully complain of the court's failure. *Lynch v. Exxon Pipeline Co.*, 545 S.W.2d 55 (Tex.Civ.App.—Waco 1976, no writ); *Rainwater v. Milfield*, 485 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1972, no writ).

The remaining points of error have been carefully considered and it appears that the overall property division made by the trial court is equitable, therefore any mischaracterization of the property of the parties was harmless and does not require reversal. *Humphrey v. Humphrey*, 593 S.W.2d 824 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd); *White v. White*, 590 S.W.2d 587 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Law v. Law*, 517 S.W.2d 379 (Tex.Civ.App.—Austin 1974, writ dism'd); *Wilkerson v. Wilkerson*, 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974, no writ).

The judgment of the trial court is affirmed.