**BROWN & ROOT U.S.A., INC., Appellant,**

v.

**Melissa TREVINO and Estela Trevino, Minors, et al., Appellees.**

**No. 08–90–00082–CV.**

Court of Appeals of Texas, El Paso.

Nov. 28, 1990.

**14**

Sharon Stagg, Susan C. Stevenson, Houston, for appellant.

Rex Shaver, Dudensing & Webb, W. Richard Ellis, III, David D. Williams, Houston, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from an award of attorney's fees awarded by the trial court to an attorney ad litem appointed to represent unknown heirs of a deceased workman in a suit for wrongful death. We reverse and remand.

Ezequiel Trevino, an employee of Brown & Root, U.S.A., Inc., died from injuries received in an on-the-job accident when he was struck by a G. A. Culver Concrete Company vehicle being driven by Reginald Davis on March 12, 1985. Suit was filed in 1985 by Mr. Trevino's parents and four surviving children. Brown & Root being aware from employment records that there were other children who had not joined as parties, in August 1988 filed a Motion for Appointment of Attorney Ad Litem. The court granted the motion and in September 1988, appointed Don Riddle as attorney ad litem. In February 1989, the Honorable Don Riddle, as attorney ad litem, filed a Petition in Intervention to recover damages for Melissa Trevino and Estela Trevino, minors, as surviving minor children of Ezequiel Trevino. Their mother and Mr. Trevi-

no had lived together for several years although not formally married.

In order to complete a settlement of part of the suit, the court on June 12, 1989, entered an order to sever the suit by Melissa and Estela against Brown & Root from the remainder of the pending litigation. Following a hearing on fees to be awarded to the attorney ad litem, the court entered a Final Judgment in the severed case, awarded the minor children recovery in accordance with the parties' settlement agreement and awarded Don Riddle attorney's fees of $125,000.00, plus $5,000.00 if an appeal bond was filed and $3,500.00 if an Application for Writ of Error is filed. Brown & Root paid $300,000.00 for annuities for each of the two minor children which will pay them monthly sums, beginning on their eighteenth birthday, of $400.00 per month for four years, $9,000.00 per year for the same four years, then $1,500.00 per month for eight years, $2,000.00 per month for ten years and $3,000.00 per month for ten years. In addition, lump sum payments totaling $227,-750.00 are payable over a period of thirty-eight years.

By four points of error, the Appellant asserts that the trial court abused its discretion in awarding the attorney ad litem fee because (1) there is no evidence to support the award as reasonable, (2) there is insufficient evidence to support the award as reasonable, (3) the great weight and preponderance of the evidence does not support the award as reasonable, and (4) the ad litem fee award was clearly excessive. We pass upon the no evidence and insufficient evidence points of error under the standards of review as required by *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965) and *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We also note that the discretion of the trial court in setting an ad litem fee is not unbridled. *Simon v. York Crane & Rigging Company, Inc.*, 739 S.W.2d 793 (Tex.1987).

What is a reasonable attorney fee is a question of fact to be determined by the trier of facts and the award must be supported by competent evidence. *Great*

*American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex.1966). A court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence. *Bullock v. Foster Cathead Company*, 631 S.W.2d 208 (Tex.App.—Corpus Christi 1982, no writ); *Mills v. Mills*, 559 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1977, no writ). This is not a case for recovery of attorney's fees as permitted by Tex.Civ.Prac. & Rem.Code § 38.001 (Vernon 1986) with the following provision in Section 38.004 which permits the trial court to take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence. *See Coward v. Gateway National Bank of Beaumont*, 525 S.W.2d 857 at 859 (Tex.1975). The recent holding in *Gill Savings Association v. Chair King, Inc.*, 797 S.W.2d 31 (1990) is not applicable. In *Treadway v. Treadway*, 613 S.W.2d 59 (Tex.Civ.App.—Texarkana 1981, writ dism'd), the Court listed numerous cases holding it was error for the trial judge to adjudicate the reasonableness of fees based upon judicial knowledge without the benefit of evidence.

The Court's opinion in *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, writ dism'd) is often cited for the standards upon which a reasonable attorney's fee should be awarded. The Court wrote that in deciding the reasonable value of legal services, the fact finder may properly consider, among other factors:

> [T]he time and labor involved; the nature and complexities of the case; the amount of money or the value of the property or interest involved, and the extent of the responsibilities assumed by the attorney; whether other employment is lost by the attorney because of the undertaking; the benefits resulting to the client from the services; the contingency or certainty of compensation; and whether the employment is casual or for an established or constant client.

This Court relied upon that decision in *Saums v. Saums*, 610 S.W.2d 242 (Tex.Civ. App.—El Paso 1980, writ dism'd) and also concluded that testimony that a certain fee was "normal and customary" does not necessarily make it "reasonable". The factors listed in the *Braswell* case were relied upon by the Court in *City of Fort Worth v. Groves*, 746 S.W.2d 907 (Tex.App.—Fort Worth 1988, no writ) where the Court affirmed an award of $40,000.00 for attorney's fees in a trial of a declaratory judgment case with 349 hours expended prior to trial and testimony as to a reasonable fee of $125.00 per hour was before the Court. Although the majority of the Court did not reach the issue of attorney's fees, in *Texas Federal Savings & Loan Association v. Sealock*, 737 S.W.2d 870 (Tex.App.—Dallas 1987), *reversed, Sealock v. Texas Federal Savings & Loan Association*, 755 S.W.2d 69 (Tex.1988), the trial court awarded attorney's fees for trial of $85,000.00 based upon testimony of an hourly rate of $60.00 to $150.00 and 954 hours of work.

In the case at bar, the attorney ad litem testified that he spent 500 hours on this case and $10,000.00 in expenses. He did not testify to any hourly rate as being reasonable for the services rendered, but did request a fee of $200,000.00. That would be at a rate of $380.00 per hour if all expenses were allowed. Counsel for Brown & Root testified that reasonable fees for the work performed by the ad litem would be $100.00 to $150.00 per hour for 100 to 200 hours. She did indicate that the forty hours Mr. Riddle said he spent locating the two minor children could have been greatly reduced with a telephone call to her since that information was in her file and she was the one who filed the Motion for Appointment of Attorney Ad Litem in order that those minors would be joined in the pending suit. Counsel for Brown & Root was unable to determine other areas where the time involved may have been excessive because Mr. Riddle did not present the trial court with any time sheets or expense records to reflect any of his claims as to time or money expended. Neither was Mr. Riddle able to segregate how much of his time was directed toward the suit against Brown & Root and how much against the other defendants. In the original case, the trial court awarded Mr. Riddle

$450,000.00 as his ad litem fee after a trial to the court which resulted in a judgment against Reginald Davis and G. A. Culver Concrete Co., Inc. for $900,000.00 in actual damages and $5,000,000.00 in exemplary damages against Reginald Davis and $10,000,000.00 in exemplary damages against G. A. Culver Concrete Co., Inc. That judgment was entered nine days after judgment was entered in this severed case.

Assuming the trial court allowed the full $10,000.00 for out-of-pocket expenses, despite the fact that no supporting exhibits or invoices were offered in evidence, the award of $115,000.00 for fees of 500 hours of work would equal $230.00 per hour. There is no evidence in this record to support such an award and the award is $35,000.00 more than any of the evidence would support, assuming 500 hours were justified in this case, and again no time record were presented to the court to reflect how those hours were spent. Mr. Riddle was asked if the time and services he had described for the court was primarily rendered in the cause against all of the defendants and he said it was. The record reflects that of some fifteen or so pleadings, responses to interrogatories and requests for production, approximately one-third related to all defendants, one-third to Brown & Root and one-third to the other defendants.

Mr. Riddle relies upon the holding in *Mack v. Moore*, 669 S.W.2d 415 (Tex.App.—Houston [1st Dist.] 1984, no writ) where the Court allowed an attorney's fee of one-third of the amount recovered. That case is not controlling for two reasons. First, the fee was provided for in Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon 1971), which is not applicable in this case. Second, the fee in that case was based upon a contingency of success in the suit. In the case before us there was no contingency in the order appointing the attorney ad litem. We are also cited to the opinion in *Phillips Petroleum Company v. Welch*, 702 S.W.2d 672 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) where a fee of $166,667.00 was awarded, and the award was affirmed. In that case the hours expended were 449 and the minor recovered $1,000,000.00 out of a settlement for $5,150,000.00. The opinion in that case does not reflect what the testimony was with regard to an hourly rate for the services performed. Further, we reject the holding in *Transport Insurance Company v. Liggins*, 625 S.W.2d 780 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.) that no evidence is required to support a trial court's award of attorney fees to an attorney ad litem. The citation to Tex.R.Civ.P. 173 does not support that holding. Where the evidence is factually insufficient to support the award the case must be reversed. *Navistar International Corporation v. Valles*, 740 S.W.2d 4 (Tex.App.—El Paso 1987, no writ). If there is no evidence and insufficient evidence to support the award, there has been an abuse of discretion in making the award. Points of Error One through Four are sustained.

With regard to the allowance of attorney's fees for an appeal, there is no evidence in the record to support any award. Without evidence the award cannot be sustained. *Mills v. Mills*, 559 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1977, no writ). In addition, it is error to penalize a party for taking a successful appeal by taxing attorney's fees which are not conditionally awarded. *King Optical v. Automatic Data Processing of Dallas, Inc.*, 542 S.W.2d 213 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.).

While I would suggest, in accordance with Tex.R.App.P. 85(e) a remittitur of $35,000.00, the other members of the panel believe the case should be remanded for a new trial and no remittitur allowed.

The judgment of the trial court is reversed and the case is remanded to the trial court.

KOEHLER, Justice, concurring.

I concur with the opinion of Chief Justice Osborn, and prefer to remand the case for a rehearing on the matter of ad litem fees. Judging strictly from the record presented, this is a case that does neither the judge nor the lawyers proud. The evidence given in support of any award of attorney ad litem fees is so vague, imprecise and con-

jectural as to amount to insufficient evidence.

Examples of the testimony of the ad litem on which the court impliedly based its award of $125,000.00 ad litem fees, are as follows:

(direct narrative testimony)

MR. RIDDLE:

I have not brought my ledgers—expense ledgers I need and specific dates, et cetera,....

.    .    .    .    .

I have right at five hundred hours in the handling and preparation strategy of all of the time spent in this case.

.    .    .    .    .

I don't know the precise amount of out-of-pocket expenses that I have. I can probably get that. Sometimes I just paid out of my pocket and did not get a receipt or keep a receipt. I would say that my out of my pocket expenses have not been expensive but I'm going to say in the neighborhood of $10,000.

(cross-examination)

Q. Was the time and the services that you have described for the Court in your testimony primarily rendered in Cause No. 85–46145, that is the cause against all of the defendants, including Culver Concrete and Reginald Davis?

A. I would say so.

Q. And your best recollection or estimate for the Court is that you have expended some five hundred hours?

A. Yes.

Q. Do you have any documentation for the Court as to those hours and how and when they were expended?

A. No.

.    .    .    .    .

Q. Give me an idea of the five hundred hours that you have expended in this case, how many of those hours do you believe are attributable to Brown & Root as opposed to the other two defendants, Culver Concrete and Reginald Davis?

A. I can't.

The ad litem himself did not testify as to a reasonable hourly rate or the total amount he believed to be reasonable for his services, there appearing only an oblique reference by Appellant's counsel to the request of the ad litem for a $200,000.00 fee.

In my opinion, this is the kind of case that gives lawyers and judges a bad image as far as the public is concerned.