FRANK A. SMITH SALES, INC., d/b/a
Frank Smith Hyundai, Appellant,

v.

J.R. "Bobby" FLORES—Guardian
Ad Litem, Appellee.

No. 13–93–327–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1994.

Rehearing Overruled Jan. 26, 1995.

Stephen P. Carrigan, Anthony L. Laporte, John B. Beckworth, Beckworth & Carrigan, L.L.P., Houston, for appellant.

Phil Harris, Weslaco, Dorina Ramos, McAllen, for appellee.

Before SEERDEN, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from the trial court's order awarding guardian ad litem fees. By two points of error, appellant, Frank A. Smith Sales, Inc., complains the trial court abused its discretion in awarding excessive and unreasonable guardian ad litem fees. We affirm in part and reverse and remand in part.

The underlying case involves a two-vehicular automobile accident, in which plaintiff-minor, Carlota Garcia, a passenger, was severely injured and permanently disabled. Carlota's parents sued the following parties, on Carlota's behalf as "next friends": (1) the estate of decedent Victor Rodriguez, the driver of the car in which Carlota was riding; (2) Gilberto Aguirre, the driver of the car that rearended the car in which Carlota was riding; and (3) appellant, Frank A. Smith Sales, Inc., the employer of Gilberto Aguirre. The trial court appointed appellee, J.R. "Bobby" Flores, to be Carlota's guardian ad litem.

Eight months into the lawsuit, the plaintiffs and defendants negotiated a settlement. According to the terms of the settlement agreement, Carlota and her parents received the sum of $3,100,000. Carlota, individually, received about one half of that sum—$1,404,-391.09—which was deposited into a trust account with Texas Commerce Bank.

At the settlement hearing, the trial court awarded Flores a guardian ad litem fee in the amount of $45,000, ordering appellant to pay the ad litem fee. Appellant subsequently sought to appeal the trial court's order. That appeal came before us, but we dismissed it without prejudice after determining the appeal was premature because a full and final settlement of all parties had not been rendered in the trial court.

Flores then moved to sever the ad litem fee judgment from the case. The trial court granted the severance; reheard evidence supporting the award of ad litem fees; and then reiterated its previous order, requiring appellant to pay Flores the $45,000 in ad litem fees. The trial court further ordered appellant to pay Flores an additional $10,000 in the event of an appeal to the court of appeals, plus $5,000 in the event of an appeal to the Texas Supreme Court.

Subsequently, appellant filed this appeal, complaining of the trial court's order and raising two points of error: (1) the trial court abused its discretion in awarding guardian ad litem fees to Flores in the amount of $45,000; and (2) the trial court abused its discretion in awarding an additional $15,000 in the event of appeals to both the court of appeals and the Texas Supreme Court.

We will first address appellant's first point of error. Appellant argues the trial court abused its discretion in awarding $45,000 in guardian ad litem fees to J.R. "Bobby" Flores. Appellant contends that Flores' time and efforts, or lack thereof, do not warrant such an award. Thus, the threshold question is whether the award of a $45,000 ad litem fee was reasonable in this case.

■ Texas Rule of Civil Procedure 173 authorizes the trial court to appoint a guardian ad litem to protect a minor's interest during litigation. *McGough v. First Court of Appeals*, 842 S.W.2d 637, 640 (Tex.1992). The sole circumstance in which a guardian ad litem should be appointed is when a minor is represented by a next friend or guardian who appears to the courts to have an interest adverse to the minor. *Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex.1992).

■ Rule 173 further provides that a guardian ad litem is entitled to reasonable compensation for his services. *Alford v. Whaley*, 794 S.W.2d 920, 924 (Tex.App.— Houston [1st Dist.] 1990, no writ). Such compensation shall be fixed by the trial court and taxed as costs. *Strawder v. Thomas*, 846 S.W.2d 51, 64 (Tex.App.—Corpus Christi 1992, no writ). The determination of the proper award of guardian ad litem fees is within the sound discretion of the trial court.

*Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 794 (Tex.1987). A trial court's discretion to award an ad litem fee, however, is not unbridled. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Valley Coca–Cola Bottling Co. v. Molina*, 818 S.W.2d 146, 148 (Tex.App.— Corpus Christi 1991, writ denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)).

■ Absent a clear abuse of discretion appearing in the record, an appellate court will not set aside the amount of fees awarded to a guardian ad litem. *Simon*, 739 S.W.2d at 794. An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon*, 739 S.W.2d at 795.

■ Generally, the same factors used to determine the reasonableness of attorney's fees are used to determine the reasonableness of ad litem fees. *Simon*, 739 S.W.2d at 794. This court has previously recognized eight factors, any of which may be considered in determining the reasonableness of an award of guardian ad litem fees: (1) the time and labor involved, (2) the nature and complexity of the case, (3) the amount of money or value of the property or interest involved, (4) the extent of the responsibilities assumed by the attorney, (5) whether the attorney lost other employment because of the undertaking, (6) the benefits resulting to the client from the services, (7) the contingency or certainty of compensation, and (8) whether employment is casual or for an established or constant client. *Valley Coca–Cola Bottling Co.*, 818 S.W.2d at 148; *Alford*, 794 S.W.2d at 925; *see also, Simon*, 739 S.W.2d at 794. In addition to these factors, when determining whether a fee is reasonable, a reviewing court has authority to draw on its own common knowledge and experience as lawyers and judges to view the matter in light of the testimony, the record, and the amount in controversy. *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816, 828 (Tex.App.— Corpus Christi 1978, writ ref'd n.r.e.).

■ Here, the trial court stated in the record the reasons why it awarded the $45,000 ad litem fee:

And I—the Court is convinced that the Honorable Mr. Bobby Flores has more than earned and is entitled to that sum of money, based upon the complexity of the case, the amount of work that he's had to do and all the circumstances involved in this matter.

The trial court's reasons for awarding the fee coincide with some of the eight factors mentioned above. We will consider those factors in light of the evidence presented to the trial court at the hearing on ad litem fees. We begin with the first factor—Flores' time and labor involved with this case. At the hearing, Flores testified that although he did not keep any time records, he "guesstimated" that he spent "in excess of 150 hours" working on the case; the bulk of his time was spent reviewing reports, reviewing medical documents, going to the courthouse, attending two depositions, having conversations with plaintiffs' and defense counsel, having conversations with the minor and the parents and teachers of the minor, reviewing the trust agreement, and discussing the trust agreement on numerous occasions with the bank and trust officers. Mr. Frank Herrera, counsel for plaintiff-intervenors, testified at the hearing that he witnessed Flores participating in many of these activities.

Appellant did not present any controverting evidence to dispute Flores' testimony regarding his time and labor spent working on the case. Because Flores testified that he worked "in excess of 150 hours," we roughly calculate his hourly rate to be somewhere less than $300 per hour.

We consider next the nature and complexity of this case. The underlying case is a personal injury case involving severe injuries and death, not to mention several parties. At the hearing, Flores testified that he entered the case at the time when the parties were initiating complex settlement negotiations and discussing the extent of insurance policy limits. Flores also testified that he was instrumental in keeping peace among the attorneys and encouraging settlement. Mr. Richard Roth, plaintiffs' counsel, testi-

fied that Flores did an outstanding job in making sure the settlement was fair and reasonable for the minor. Appellant failed to produce any controverting evidence to dispute Flores' role in the case.

We review next the amount of settlement money involved in this case. The record reflects that Carlota received $1,404,391.09. Flores' award of $45,000 in ad litem fees is equivalent to approximately 3% of Carlota's recovery. In *Valley Coca–Cola Bottling Co. v. Molina*, we recognized that an ad litem fee equivalent to 15–18% of the total recovery is a reasonable sum to award to a guardian ad litem. *Valley Coca–Cola Bottling Co.*, 818 S.W.2d at 149.

After considering these three factors— Flores' time involved in this case, the nature and complexity of the case, and the negotiated settlement sum of money—we conclude the trial court did not abuse its discretion in awarding an ad litem fee to Flores in the amount of $45,000. Accordingly, we overrule appellant's first point of error.

■ In his second point of error, appellant complains that the trial court abused its discretion in awarding an additional $10,000 in the event of an appeal, plus an extra $5,000 if the appeal is taken to the Supreme Court. Appellant contends this additional $15,000 is unreasonable and is not justifiable when considering the amount of work necessary for Flores to respond to such appeal.

■ A trial court may award appellate attorney's fees. *Rittgers v. Rittgers*, 802 S.W.2d 109, 115 (Tex.App.—Corpus Christi 1990, writ denied). However, there must be evidence of the reasonableness of the fees to support an award of appellate attorney's fees. *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ). The reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. *Great American Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex.1966); *Bullock v. Foster Cathead Co.*, 631 S.W.2d 208, 212 (Tex.App.—Corpus Christi 1982, no writ). A court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence. *Bullock*, 631 S.W.2d

at 212; *Brown & Root U.S.A., Inc. v. Trevino,* 802 S.W.2d 13, 16 (Tex.App.—El Paso 1990, no writ); *Mills v. Mills,* 559 S.W.2d 687, 689–90 (Tex.Civ.App.—Fort Worth 1977, no writ).

Here, the record reflects that neither appellant nor appellee submitted any evidence supporting or controverting the $15,000 award in appellate attorney's fees. Hence, the award cannot be affirmed; it must be reversed. *Id.* When a trial court grants an award of attorney's fees without any evidence in the record to support such an award, the proper action on appeal is to remand that part of the judgment for the trial court to determine what would be a reasonable attorney's fee for an appeal. *First Nat'l Bank v. Shockley,* 663 S.W.2d 685, 691 (Tex.App.—Corpus Christi 1983, no writ); *see also Leggett v. Brinson,* 817 S.W.2d 154, 157 (Tex.App.—El Paso 1991, no writ); *Mills,* 559 S.W.2d at 689. We sustain appellant's second point of error.

Accordingly, the portion of the trial court's judgment awarding $15,000 in appellate attorney's fees is REVERSED and REMANDED to the trial court for a determination on that issue. The portion of the trial court's judgment awarding the $45,000 guardian ad litem fee is AFFIRMED.